[No. 10,391.]

# THE PEOPLE *v.* JOSÉ SOTO.

BURGLARY—INTENT.—In a prosecution for burglary, the intent with which the defendant entered the building is a question of fact for the jury.

SAME—INTENT INFERRED FROM CIRCUMSTANCES.—If a person enters an inhabited building through a window, clandestinely, at a late hour of night, after the lights have been extinguished, the jury will be justified from these circumstances in finding that the entry was with the intent to commit larceny.

SAME—IMMATERIAL TESTIMONY.—The testimony of a woman sleeping in the building, who had no previous knowledge of the defendant, that she believed the entry was made for the purpose of having sexual intercourse with her, if admissible as evidence, could not be held to establish the intent of defendant conclusively. It was for the jury to determine the intent.

APPEAL from the County Court of the County of Contra Costa.

The defendant was indicted for the crime of burglary, and convicted. The facts are stated in the opinion.

*Eli R. Chase,* for Appellant.

*Attorney-General Hamilton,* for Respondent.

By the Court, CROCKETT, J.:

The defendant was indicted for burglary, in having entered a dwelling-house in the night-time, with the intent to commit petit larceny. The proof was that the defendant, at a late hour of the night, after the family had retired and the lights had been extinguished, entered the building through a window, and was found in a bedroom, in which a woman and three infant children were sleeping in one bed; that he seized the woman by the throat and threw himself across the bed, but on her making an outcry left the building without any further act of violence, and without having committed a larceny, so far as the evidence shows. The woman further testified that she had no previous knowledge of the defendant, but stated it as her belief that his purpose in entering the building was to have sexual intercourse with her. On this evidence, the jury found

the defendant guilty as charged in the indictment, and the defendant appeals.

The only ground relied upon for the reversal of the judgment is, that the verdict was not justified by the evidence, which, it is contended, did not tend to prove that he entered the building with the intent to commit larceny. But the intent with which he entered was a question of fact for the jury; and though there was no direct evidence of the intent, it might be inferred from the surrounding circumstances. The weight to be given to these was a question properly left to the jury; and when a person enters a building through a window at a late hour of the night, after the lights are extinguished, and no explanation is given of his intent, it may well be inferred that his purpose was to commit larceny, such being the usual intent under these circumstances. The belief of the woman that he entered with the further intent to have sexual intercourse with her is of no consequence. It was for the jury to determine the intent, and whether her belief was entitled to any weight.

Judgment and order affirmed.

Mr. Chief Justice WALLACE did not express any opinion.