Steadman *vs.* The State of Georgia.

1. Notwithstanding strong and satisfactory evidence of good character, guilt may be established by a chain of circumstances, the suspicious conduct of the accused, his failure to explain such conduct in a reasonable and probable way, and the identification of him by means of his cap and coat.

2. No other motive appearing for an attempt at burglary near midnight, the intent to steal may be inferred, there being valuable effects in the building.

December 5, 1888.

Criminal law. Evidence. Motive. Presumptions. Before Judge Wellborn. Hall superior court. February term, 1888.

Reported in the decision.

G. K. Looper, J. B. Estes and W. L. Marler, for plaintiff in error.

Howard Thompson, solicitor-general, and H. H. Perry, for the State.

Bleckley, Chief Justice.

1. Steadman was convicted of a misdemeanor, the same consisting of an attempt to commit burglary by attempting to break and enter a dwelling-house with intent to steal therefrom. That a burglary was attempted by some one on the occasion in question is not uncertain. It was late at night, the moon was shining brightly, and the person was seen standing in the shadow of the building at a window with his hands occupied as if trying to unfasten and open the blinds. On being detected and spoken to, he ran, was shot at several times, made his escape from the premises, and disappeared in full flight. Within about five minutes, Steadman was

brought to the same house in custody of the police, and was identified, by means of his cap and coat, as the man who had been seen at the window. The police had caught him in a neighboring street, along which he was running soon after the shots were fired. He gave at the time no reasonable or probable explanation of his presence in that locality, or of the rapidity of his locomotion. In his statement at the trial, he said he had been "over near Judge Rice's place," but mentioned no one who saw him, and did not say why he went there, nor specify the place in any terms more definite. He made no attempt to prove an *alibi*. Numerous witnesses testified to his good character; indeed, so strong was the evidence on this subject that, had not a jury of the vicinage found him guilty, it would be difficult to believe that he was the culprit. But we think that, in spite of his excellent character, the evidence warranted the verdict.

2. It was contended in the argument that an intent to steal was not sufficiently shown to have been the motive of the attempt to break and enter the house. The evidence put no other motive in sight, and it was in proof that there were valuable effects in the building, and that from the room sought to be entered the whole interior was accessible. The love of gain, the desire to get and have, is so wide a principle of human nature, that other motives being eliminated, that remains as a sort of residuary solvent of conduct. When there is no other reason for breaking into our neighbor's house near the hour of midnight, if we do it at all, we are after his property or his money. Were it as certain that the jury found the right man as the right motive, not only would all reasonable doubt be excluded, but all doubt whatsoever.

The court did not err in refusing a new trial.

Judgment affirmed.