264 P.2d 685

**Ex parte SEYFRIED.**

No. 8003.

Supreme Court of Idaho.

Dec. 9, 1953.

Vernon K. Smith, Boise, for appellant.

Robert E. Smylie, Atty. Gen. of Idaho, Edward J. Aschenbrener, Asst. Atty. Gen., Blaine F. Evans, Prosecuting Atty., Ada County, and J. Charles Blanton, Dep. Prosecuting Atty., Boise, for respondent.

KEETON, Justice.

Petitioner was charged in a criminal complaint filed in the Probate Court of Ada County with the crime of burglary, allegedly committed in the nighttime. A

preliminary examination was had and petitioner was held to answer. Petitioner was committed to the sheriff in default of bail, and sought his release on the ground that there was no evidence introduced in said preliminary examination which proved, or even tended to prove, that petitioner entered the dwelling he was charged with burglariously entering with the intent to commit larceny or any felony. On a trial in the district court the learned trial judge quashed the writ and remanded petitioner to the custody of the sheriff. Petitioner appealed.

At the preliminary examination the following facts, among others, were shown: On the evening of March 10, 1953, the sheriff of Ada County and some of the Boise police stationed themselves in or near the home of Fritz Bock. They were there at the request of said owner who had noticed someone had been "casing" the place. Bock and family were not at home. About 8:15 p. m. a car stopped in front of the Bock home, and two men got out of the car and approached the house. One of them knocked on the door and rang the bell, and shouted: "Is anyone home?" Someone, presumably petitioner, pried open a locked window and entered the darkened house. This person proceeded to the back door with the aid of a flashlight, opened the door and two men came back through the house, one carrying a flashlight. One of the officers

stationed in the house turned on the lights and arrested the petitioner inside the residence. Petitioner was wearing cloth gloves and carried a screwdriver and flashlight. He stated to the officers: "I have cased this house at least thirty-five times", and further stated he should have suspected something was wrong, as a light that was usually left burning was turned off. One of the officers told petitioner: "There was no safe there". Petitioner replied he was not looking for a safe and made no explanation of his forcible entry. Under these facts he was held to answer for entering a dwelling house in the nighttime with intent to commit larceny.

Appellant in his brief submits the following proposition for determination:

"At a preliminary hearing must there be actual positive proof of the corpus delicti of an offense itself before an accused may be held for trial in the district court?"

Where a dwelling house is broken and entered in the nighttime and no lawful motive or purpose is shown or appears, or any satisfactory or reasonable explanation given for such breaking and entering, the presumption arises that the breaking and entering were accomplished with the intent to commit larceny. The fact that the officers were present and apprehended the burglar before he had an opportunity to carry his purpose into ex-

ecution is of no importance. The crime of burglary was consummated when the unlawful entry was made with intent to steal or commit some felony therein. Sec. 18–1401, I.C.

 The common experiences of mankind raise a strong presumption and inference that such a breaking and entering as is here shown was made with the purpose of committing larceny, no other purpose appearing. It is sufficient to show the essential unlawful intent when the entry was made by circumstantial evidence. Direct evidence of such intent is not required. One's intent may be proved by his acts and conduct, and such is the usual and customary mode of proving intent. The following authorities, among others, support the conclusion reached. 9 Am. Jur. 271, § 61; 9 C.J. 1078, § 138; 12 C.J.S., Burglary, § 48, page 719; State v. Woodruff, 208 Iowa 236, 225 N.W. 254; People v. Les, 267 Mich. 648, 255 N.W. 407; Steadman v. State, 81 Ga. 736, 8 S.E. 420; Moseley v. State, 92 Miss. 250, 45 So. 833; People v. Soto, 53 Cal. 415; Cady v. U. S., 54 App.D.C. 10, 293 F. 829. No authority holding otherwise has been called to our attention.

Under the provisions of Sec. 19–815, I.C. we conclude there was sufficient cause to believe the appellant guilty of the crime with which he was charged; that the magistrate was justified in committing him for trial and the order quashing the writ and remanding petitioner is affirmed.

PORTER, C. J., and TAYLOR and THOMAS, JJ., and BAKER, D. J., concur.