[Crim. No. 5575. Second Dist., Div. Two. Nov. 2, 1956.]

THE PEOPLE, Respondent, v. GEORGE HENRY DANIELS, Appellant.

Lewis Garrett for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MOORE, P. J.—Convicted of burglary in the second degree, defendant appeals. He now contends that (1) the evidence was not of sufficient substantiality to support the judgment; (2) his conviction resulted from his having suffered prior convictions of four felonies; (3) he was denied representation by counsel; and (4) was denied trial by jury.

Mrs. Roberts operated a beer tavern in the 4200 block on South Broadway in the city of Los Angeles. Behind the beer parlor is a room in which beer was stored, which could only be entered from the outside. On the night of appellant's call, she had closed her shop at 11:45 p. m., locked the rear room with a padlock and left the premises for her dinner. Shortly after midnight, special officer Abrams approached the tavern, observed that the lock was gone, looked and saw appellant standing in the storeroom. He ordered appellant to come out and inquired as to his purpose in visiting the room. His reply was that he had entered to urinate. The officer looked for the lock, found it had been bent and was lying on the floor. He found no instrument on appellant's person that might have been used to pry the lock.

Mrs. Roberts returned while Abrams was conversing with appellant, and soon police officers arrived and took the latter away. She testified that she stored beer in the room and that it appeared not to have been disturbed by appellant.

On the following day an officer found a long, black screwdriver stuck in the wall and the proprietress testified that it did not belong to her.

### INSUFFICIENT PROOF?

Appellant contends there is insufficient evidence of felonious intent to support the judgment; that the evidence raised only a suspicion of felonious intent; that appellant's positive testimony as to his innocent intentions was uncontradicted and therefore should have been believed; that the State's failure to introduce evidence of fingerprints on the padlock raises the presumption that such evidence would have been adverse to the prosecution.

■ The established facts are that the prosecutrix locked her storeroom with a padlock at 11:45 p. m.; appellant was found inside the room shortly after midnight; the padlock was found bent, lying on the floor of the room. It was a reasonable inference that a stranger found alone in that room after midnight had entered the place for the purpose of committing some crime. It is not likely that another person could have in the brief space of time after Mrs. Roberts' departure and the arrival of appellant forced the padlock off the door and left the premises. Appellant was found there, inside the building. From the fact of his presence in the room, alone, after midnight and the broken lock, it was no strain upon the reasoning processes to deduce his felonious purpose. The trial court could reasonably have found that no other person had entered the same room after 11:45 p. m.; that appellant had, alone, effected a forcible entry for a criminal purpose. Why should he have chosen that storeroom if in quest of a urinal while numerous service stations and barrooms were available along the thoroughfares? If such was his need, he might, as a reasonable person have stopped on his way from Watts at 77th Street to Broadway at 43rd. His testimony that he arrived at Mrs. Roberts' tavern at 2 a. m. may have impressed the court with his lack of truthfulness in view of the contrary testimony that he arrived there "shortly after midnight."

Appellant invokes the decision in *People* v. *Wilkins*, 141 Cal.App.2d 557 [297 P.2d 42], in support of his argument that the evidence discloses at most a mere "suspicion" of guilt. In the Wilkins case the door to a pharmacy had been broken in order to effectuate the entry of a burglar. Officers investigating the attempted entry discovered defendants prowling about the alley in the vicinity of the drugstore. The court

held that such evidence established beyond a reasonable doubt the fact of attempted burglary, but created only a "suspicion" that this defendant was the guilty party. The important distinction between that case and this is that *here the defendant was actually discovered standing in the storeroom.* His entry was established beyond peradventure of a doubt. All that remains is determining his felonious intent in making the entry. The circumstances detailed here surely create more than a suspicion of his wrongful purpose. A trial court is not compelled as a matter of law to believe a defendant's story that he entered a commercial establishment through a door with a broken padlock in the dead of night for the sole purpose of urinating.

In the instant matter, Daniels' identity is not in question. He was apprehended in the storeroom and did not question that he was there. While he denied having been motivated by a criminal intention, his denials were overcome in the mind of the court by his entry with use of force, after midnight, surrounded by gloom, without a satisfactory explanation for his presence. The trial court had to determine whether or not he spoke the truth and it chose to believe that the circumstances were more convincing of his guilt than the presumption of his innocence and his denials of guilt. Its conclusion is final, in the absence of prejudicial error at the trial, if substantial evidence supports the conviction. (*People* v. *Gutierrez,* 35 Cal.2d 721, 727 [221 P.2d 22]; *People* v. *Von Benson,* 38 Cal.App.2d 431, 434 [101 P.2d 527].)

Appellant insists that the People's failure to introduce into evidence the fingerprints on the lock, or proof that it had no fingerprints, brings into play the presumption (Code Civ. Proc., § 1963, subd. 5) that such failure is tantamount to proof that would have been adverse to the prosecution. The vice of such argument lies in the fact that there was no evidence that the lock had or could have had fingerprints. Also, it conflicts with the presumption that the officers did their duty and introduced all competent evidence available. The wilful suppression of material evidence that would have benefited a defendant accused of a felony is too serious a crime to charge against an officer on pure conjecture.

### DEPRIVED OF THE RIGHT OF REPRESENTATION BY ACTIVE COUNSEL?

Because appellant's counsel inadvertently suggested during the trial, in reply to the district attorney's inquiry,

that the matter of the prior convictions be deferred to the time of sentence, appellant now urges that he "was unconstitutionally deprived of his right to representation by counsel at all stages of the proceeding." The prompt reply by the court to defendant's attorney that there had been no conviction fills appellant with a zeal to contend that he was not fairly represented. Such contention is much ado about nothing. Appellant's counsel attended sessions of the municipal court, cross-examined adverse witnesses and assisted appellant to give his own testimony in an orderly, effective fashion. Where the record discloses a careful cross-examination by defendant's lawyer at the preliminary, the accused had adequate representation despite his contention on appeal that he did not have the benefit of a competent lawyer for his defense. (*People* v. *Hood,* 141 Cal.App.2d 585 [296 P.2d 52].) Furthermore, where an appellant contends for a reversal on the ground that a trial lawyer of his own choosing was guilty of gross incompetence, the contention will be dismissed for the reason that if there was any error it lay in the judgment of defendant in selecting counsel for his defense. (*People* v. *Stevens,* 5 Cal.2d 92, 98 [53 P.2d 133].)

*People* v. *Chesser,* 29 Cal.2d 815 [178 P.2d 761, 170 A.L.R. 246], is distinguished by its facts. At his arraignment, Chesser refused the assistance of counsel.

Appellant's contention that he was deprived of a jury trial deserves little comment in the light of his own statement to the trial court that he "wished to waive his right to trial by jury and to have his cause tried by the court, sitting without a jury." He understood his waiver. There is nothing in the record to indicate that he did not know of the waiver and of the actual trial without a jury. It must be assumed that his counsel had advised him prior to the trial of the advantages of a jury trial and of the penalties that might be assessed in case he should be found guilty. He never complained of the services of his trial counsel or of the waiver of a jury trial until after a new attorney had been retained to prosecute this appeal.

In view of the record, the Constitution (art. I, § 7) and the statute (Pen. Code, § 1042), no prejudicial error has been shown. (*People* v. *Pughsley,* 74 Cal.App.2d 70, 71 [168 P.2d 27]; *People* v. *Voice,* 68 Cal.App.2d 610, 612 [157 P.2d 436].) Judgment affirmed.

Fox, J., and Ashburn, J., concurred.