[Crim. No. 5675.   Second Dist., Div. Three.   Nov. 27, 1956.]

THE PEOPLE, Respondent, v. KERMIT JOSEPH JOHNSON et al., Defendants; THOMAS JEFFERSON PLEASANT, Appellant.

Gladys Towles Root and Joseph Armstrong for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant Pleasant and one Johnson were charged with burglary. Johnson pleaded guilty. In a nonjury trial (jury having been waived), Pleasant was adjudged guilty of burglary of the second degree. He appeals from the judgment, and he contends that the evidence was insufficient.

The owner of a drugstore in Los Angeles testified that when he left the store on November 19, 1955, about 10 p. m., he locked the doors and set the alarm; there was nothing unusual about the premises when he left; when he returned the next morning about 5:30 o'clock he observed that holes had been cut in the roof and the ceiling, and that several holes had been bored in a counter; he had not given anyone permission to enter the store that night in his absence.

Police officers went to the drugstore on November 20, 1955, about 5 a. m., in response to a radio call. They heard someone running on the roof. Officer Kingston went upon the roof, found Pleasant hiding under a sign, and arrested him. Then they climbed from the roof to the ground.

Officer Lee went inside the store and arrested Johnson who was lying under boxes on top of the telephone booth.

A hole, about 20 inches by 20 inches, had been cut in the roof. A hole, about 1½ feet in diameter, had been cut in the ceiling. Several holes had been bored in a counter.

Officer Lee testified that when Pleasant had come from the roof to the ground, the officer asked him where his partner was, and he replied that "he was inside the last he saw of him, when he was going through the ceiling to the roof and he was about to enter when he heard the police car pull up."

Officer Tidyman testified that, in a conversation with Pleasant on November 23, Pleasant said: that on November 20, about 2 a. m., he parked his car about a block from the drugstore, walked to the store, and climbed upon the roof by climbing a building that was being constructed next to the store; after he was on the roof Johnson handed him the tools that were in a canvas bag; Johnson made the hole in the roof and went inside, and he (Pleasant) was waiting to go inside when the officers arrived; he (Pleasant) expected to get narcotics from the store.

Pleasant did not testify and did not call any witness in his behalf.

Appellant argues, with reference to his contention as to insufficiency of the evidence, that there was no evidence that he entered the store or that he was a coconspirator or a prin-

cipal or an agent of a person who did enter the store; and that since entry is an element of burglary, the corpus delicti was not proved.

The court could infer from the evidence, irrespective of the statements of appellant, that someone had cut the holes in the roof and ceiling and had entered the store through the holes, without the permission of the owner of the store, and with the intent to commit theft at the counter therein where holes had been bored. The evidence was sufficient to prove the corpus delicti, irrespective of appellant's statements.

When the corpus delicti is established by evidence other than extrajudicial statements of the defendant, the connection of the defendant with the crime may be proved by statements made by him. (*People* v. *Mainhurst,* 67 Cal. App.2d 882, 884 [155 P.2d 843].) ''All persons concerned in the commission of a crime . . . whether they directly commit the act constituting the offense, or aid and abet in its commission . . . are principals in any crime so committed.'' (Penal Code, § 31.)

At the time Pleasant was on the ground, after he had descended from the roof, he said that his partner was inside the store. At that time Johnson was in the store. A few days later, Pleasant said that he climbed upon the roof about 2 o'clock in the morning, that Johnson handed the tools to him, that Johnson made the hole in the roof and went inside, that he (Pleasant) was waiting to go inside when the officers arrived, and he expected to get narcotics from the store. It thus appears that Pleasant aided and abetted Johnson and was a principal in the commission of the burglary. The evidence was sufficient to support the judgment.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.