[Crim. No. 2408. Fourth Dist., Div. One. Aug. 19, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. HERSLEY
JONES, Defendant and Appellant.

Hersley Jones, in pro. per., and Alpha L. Montgomery, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Ronald M. George, Deputy Attorney General, for Plaintiff and Respondent.

WHELAN, J.—Defendant appeals from the judgment finding him guilty of second degree burglary and of two prior convictions of felony in a nonjury trial.

## FACTS

 A building maintenance man, upon entering Beebe's Drugstore in the City of Escondido at 4:30 a.m. on Monday, February 22, 1965, observed a hole in the ceiling with a metal object protruding downward through the hole; heard someone walking overhead; locked the building, leaving on the lights; and telephoned the police from a telephone in front of the building.

The police responded to the call within three or four minutes. Upon their arrival, the maintenance man reentered the drugstore and saw that the metal object no longer was protruding through the hole in the ceiling. The police found a stepladder placed up against the rear of a building a few doors away from the drugstore on the roof of which they discovered a broken-off vent which provided a hole into the attic of the drugstore.

Defendant was found in the attic, wearing a glove on one hand and with another glove and flashlight in his hand. After defendant had been removed with assistance from the attic, the floor of which was seven feet lower than the roof of the building, there was found at the place where he had been standing when first seen by the police a screwdriver 14½ inches long with a "bite" 7/10 inch wide. The screwdriver blade fitted into the hole in the ceiling of the drugstore.

The floor of the attic was of beams on the underside of which was plasterboard forming the ceiling of the shop below. The hole was through the plasterboard. Between the beams

was loose insulating material which in the area around the hole had been cleared away. Means of access from the shop to attic was afforded by a trap-door and a door, both secured on the salesroom side.

■ As defendant came out of the opening from the attic, he said : "Man, I'm glad you caught me. If I'd kept on I was afraid somebody was going to shoot me." No question had yet been put to him by the police.

At 9 :30 or 10 that morning at the police station, defendant was questioned by the police. Before any questioning, he had read and signed, as he himself testified, a paper informing him of his rights to counsel and to remain silent, and that anything he said might be used against him in court. He was advised orally to the same effect and told the officer that he was well aware of the *Escobedo* and *Dorado* decisions.

During the questioning, defendant stated that he had found the hole in the roof while he was attempting to hide from police in a car and entered the attic for that reason only; but, in answer to a question why he was trying to get into the drugstore, he said if he did get in there : "Well, he didn't know, that in a drugstore there is a lot of things, could have been narcotics or money."; he stated also : ". . . that actually all there was was an attempt of burglary; nothing had been taken; he hadn't gained access to the inside of the store . . . and therefore, it was only an attempted burglary."; and said he needed money to get back to Los Angeles.

Defendant, although he testified that he was on probation from Los Angeles County, had denied his prior felony convictions upon the ground that he had petitions for writs of habeas corpus pending.

CONTENTIONS ON APPEAL

1. That the evidence was insufficient to support the judgment.

2. That the defendant's statements were received in evidence in violation of his right to counsel and to remain silent.

3. That defendant was sentenced in violation of the requirements of Penal Code, section 1203.

WAS THE EVIDENCE SUFFICIENT TO SUSTAIN THE JUDGMENT?

■ Defendant contends that the entry into the attic was not a sufficient entry for burglary, and if it was a sufficient entry there was no evidence of intent to commit larceny or any felony.

He argues that he was not in the building but "he was in

the loft of the building." Defendant states that he has "looked diligently for cases squarely in point, and was unable to find a case of entry into an attic." The plaintiff likewise admits its inability to find such a case.

The information charged that defendant entered: ". . . a building known as BEEBE REXALL DRUG, located at 249 E. Grand Avenue, in the City of Escondido, County of San Diego, State of California, with the intent then and there and therein unlawfully and feloniously to commit theft. . . ."

The gist of defendant's contention must be either that the entry into the attic did not constitute entry into the building, or that the "Beebe Rexall Drug" does not identify the entire building but only the salesroom.

For defendant to say he was not in the building, but in the loft of the building is inconsistent with a claim that the attic is not a part of the building. The claim also is inconsistent with logic. As was said in *People* v. *Young,* 65 Cal. 225, 226 [3 P. 813] : "If the room was in the house, and the house was a building, a felonoious entry into the room was a felonious entry into the building."

The claim that the "building known as BEEBE REXALL DRUG" consists only of the room where sales were made and not of the attic room above is not sustained. The attic room was under the same roof and within the same walls as the shop; there were doorways between the two; the attic did not have an exterior entranceway and did not permit of entrance to or from any other room than the room below. It must be held to have been a part of the building described in the information.

*Mobley* v. *State,* 130 Tex.Crim.Rep. 159 [92 S.W.2d 1038], is the sole reported decision discovered by our research in which the same contention was made as defendant here makes. The Court of Criminal Appeals in that case held that entry through the roof into an attic of a store building without entry through the ceiling of the storeroom itself was burglarious. The sound reasoning of the decision is not impaired by the fact that the Texas statutes require both breaking and entering as elements of burglary.

We need not, therefore, discuss the People's contention that the opening of a hole in the ceiling of the shop and the insertion into the shop of the screwdriver for the purpose of making an opening large enough for a man to pass through constituted an entry into the salesroom considered as a separate and distinct building from the attic room above.

### Were Statements Admitted In Evidence In Violation of the Defendant's Right to Counsel?

The quoted statements made while defendant was emerging from the attic were not made in response to any questioning but were volunteered.

The admission into evidence of volunteered statements made by a defendant prior to his having been advised of his rights under the Fifth and Sixth Amendments to the federal Constitution and before he has been subjected to a course of interrogation does not violate such rights. (*Miranda* v. *Arizona,* 384 U.S. 436, 478 [86 S.Ct. 1602, 1630, 16 L.Ed.2d 694, 726, 10 A.L.R.3d 974].)

The other statements made by defendant which were received into evidence as the result of police interrogation were made after defendant had been advised as to every right of which it is required that a defendant be advised, except that he was not advised that if he desired counsel and was without funds, counsel would be appointed for him prior to any questioning. Since, however, defendant did not request counsel and the case was tried prior to June 13, 1966, the failure to give that last advice may not be made the basis of reversal. (*Johnson* v. *New Jersey,* 384 U.S. 719, 734 [86 S.Ct. 1772, 1781, 16 L.Ed.2d 882, 893].) There was no reversible error in admitting evidence of defendant's statements.

### Question of Intent

Evidence of the intent necessary to prove the corpus delicti may be found in the circumstances that have been detailed. Where, after an unauthorized entry, theft has not been committed, the intent to commit theft may be gathered from circumstances. (*People* v. *Soto,* 53 Cal. 415; *People* v. *Daniels,* 145 Cal.App.2d 615 [302 P.2d 831]; *People* v. *Johnson,* 146 Cal.App.2d 302 [303 P.2d 615]; and *People* v. *Hawkins,* 129 Cal.App. 720 [19 P.2d 249] [in none of which was there a theft or the displacement of any personal property].)

### Did the Defendant Waive His Right to Probation?

Defendant contends that he was sentenced in violation of Penal Code, section 1203, in that a probation report was not ordered by the trial court.

On Tuesday, August 10, 1965, after announcing that he found defendant guilty as charged, the trial court said: "I don't know whether this man is eligible for probation. The presentence hearing report will be ordered, however." He then set the hearing of defendant's application for probation

for August 31. Counsel for defendant then stated: "The defendant tells me he does not wish to make application for probation, and we would waive time and then be ready for sentencing on Monday." Thereupon the court set time for pronouncement of judgment for the following Monday, August 16.

The court earlier had ordered the defendant, who had been free on bail, remanded to custody. Upon the plea of defendant's counsel to enable defendant to arrange his affairs, defendant was continued on bail until the following Monday, August 16, when he was to surrender himself to the custody of the sheriff at 9 a.m.

Notwithstanding the doubt expressed by the court as to defendant's eligibility for probation, it is clear that the court was willing to entertain defendant's application for probation; he set the hearing of that application sufficiently far in advance to permit of investigation and report by the probation officer.

When defendant at that point, through his counsel, informed the court that he waived application for probation and stated he would be ready for sentencing on the following Monday, his action reasonably was interpreted by the court as a waiver of defendant's right to have the court consider an investigation and report of the probation department, and a waiver of defendant's right to be considered for probation. Defendant effectively waived those rights. (*People* v. *Tempelis*, 230 Cal.App.2d 596, 599 [41 Cal.Rptr. 253] ; *People* v. *Magee*, 217 Cal.App.2d 443, 476 [31 Cal.Rptr. 658].)

### DEFENDANT'S REPRESENTATION BY COUNSEL

At the time of sentencing, defendant's trial counsel was relieved. Defendant's hand-written notice of appeal in propria persona was filed the same day.

On November 8, 1965, defendant, in propria persona, filed a typewritten motion for extension of time within which to file an opening brief; he was given until January 17, 1966, to file the brief.

On January 21, 1966, still in propria persona, defendant filed his opening brief.

On January 24, defendant signed and on January 26 there was filed defendant's first application for appointment of counsel for his appeal. On January 26, counsel was appointed on the appeal.

At the time set for oral argument, counsel appeared and represented to this court that he had read the brief filed by

appellant, and that there was nothing that he could add to it. It is clear that the brief filed reasonably set out the points that might be urged.

The judgment is affirmed.

Coughlin, Acting P. J., and Bray, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 14, 1966. Peters, J., was of the opinion that the petition should be granted.

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.