[Crim. No. 15394. Second Dist., Div. Four. Apr. 17, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. JESSE E. WRIGHT, Defendant and Appellant.

54

Malvina H. Guggenheim, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Ronald M. George, Deputy Attorney General, for Plaintiff and Respondent.

DUNN, J.—Appellant was charged with one count of burglary in violation of Penal Code section 459 and one count of battery on a peace officer, in violation of Penal Code section 243, both felonies. In a jury trial, appellant was found guilty of trespass in violation of Penal Code section 602 (a misdemeanor), a lesser included offense of the crime of burglary. He also was found guilty of battery on a peace officer. He was sentenced to six months in the county jail for the trespass and to state prison for the term prescribed by law for the battery, the sentences to run concurrently. He appeals from the judgment and raises various points.

I. *Was The Evidence Sufficient To Sustain The Two Convictions?*

It is well settled that, ''The court on appeal 'will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be

held that sufficient facts could not have been found by the jury to warrant the inference of guilt. . . . and before the verdict of the jury . . . can be set aside on appeal upon the ground' of insufficiency of the evidence, 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below." *People* v. *Newland* (1940) 15 Cal.2d 678, 681 [104 P.2d 778]. See also: *People* v. *King* (1968) 267 Cal.App.2d 814, 820 [73 Cal.Rptr. 440]. It is further well established that the corpus delicti of a crime may be proved by circumstantial evidence, ". . . and the intent with which an entry was made is usually inferred from the surrounding circumstances. . . ." *Reed* v. *Superior Court* (1965) 238 Cal.App.2d 321, 322-323 [47 Cal.Rptr. 815]. See also: *People* v. *Soto* (1879) 53 Cal. 415; *People* v. *Jones* (1966) 244 Cal.App.2d 378, 382 [52 Cal.Rptr. 924]; Pen. Code, § 21. Viewing the evidence as we must, "in a light most favorable to respondent . . . and presuming in support of the judgment the existence of every fact the trier could reasonably deduce therefrom . . .", *People* v. *King, supra,* 267 Cal.App.2d at p. 820, we find the evidence sufficient to support the convictions of trespass and battery on a peace officer.

As to trespass, appellant was convicted under Penal Code section 602. The clerk's transcript does not indicate which subsection of section 602 is applicable but we conclude it to be subsection (j) which reads: "Every person . . . willfully commits [a] trespass by . . . (j) Entering any lands . . . for the purpose of injuring any property or property rights or with the intention of interfering with, obstructing, or injuring any lawful business or occupation carried on by the owner of such land, his agent or. . . ." A brief recital of the facts shows appellant entered the store of Lewis Antiques in Santa Barbara with the required intent. The store had a display patio and a door opening from the patio into the office of the store. A safe was located 5 feet inside the door. Appellant entered the display patio and was thereafter seen in the office, kneeling on the floor in front of the safe which was open. Appellant's head and hands were in the safe, the door was fully opened and a drawer in it, previously closed, was seen pulled open. Just a few minutes before, the safe door was observed to be closed. An employee of the store came up and asked if he could help appellant. Appellant withdrew from the safe and got up, holding something white in one hand. He placed his hands in his jacket pockets, then brought his right

hand out made in a fist. Appellant and the employee talked about several items that were for sale, which conversation indicated to the employee that appellant "did not act like someone who was ready to buy" anything. Appellant left the store. The store manager was notified of the incident and immediately went to the office and found that the safe was now open and the drawer inside the safe was pulled out; both had been in closed position when previously observed. From these facts and circumstances the jury could reasonably conclude that appellant entered the Lewis Antiques store with intent to commit a trespass as defined.

Regarding the battery conviction, Penal Code section 243 provides that a battery "is committed against the person of a peace officer" when "the person committing the offense knows or reasonably should know that such victim is a peace officer . . . engaged in the performance of his duties, and such peace officer . . . is engaged in the performance of his duties. . . ." In his brief, appellant asserts: "In the instant case [he] did not know or have reason to believe that the officer's acts, which provoked the alleged battery, were in the performance of his duties. On the contrary, the record indicates that he had reason to believe the officer's acts were outside the proper scope of his duties and unlawful." Again an examination of the record proves appellant is incorrect in his contention.

On March 16, 1968, at 4 p.m. Santa Barbara city police officer, Payne K. Green, was on duty dressed in uniform and driving a black and white police patrol car. The officer heard a radio call concerning a possible burglary at the Lewis Antiques store. He learned from another officer that the suspect was a "male negro, about six foot tall, wearing a red jacket or a red sweater." Officer Green saw appellant looking in a store window about a block from the antique shop. He fit the description of the suspect. He stopped the police car and approached appellant, who began to walk away. Officer Green asked appellant where he was coming from. Appellant turned, saw officer Green and said, "You cops are always picking on me." The officer explained to appellant that nobody was "picking on him" and that there had been a burglary about a block away and appellant matched the description of the suspect. The officer asked appellant to accompany him back to the Lewis Antiques store. Appellant made an obscene response and began again to walk away. Green then took appellant by the right arm and told him to come over to the police car. Appellant complied with the request, and the officer told him

to place his hands on top of the car so that he could check appellant for weapons prior to placing him in the police car. Appellant did as requested but then turned and struck Green on the face with his fist. The two men wrestled for a moment, and appellant pushed Green against another car. He then hit the officer on the shoulder, broke loose and ran. From these circumstances the jury could conclude that the officer had reasonable grounds to make an arrest and, therefore, that his actions in restraining appellant were done ''in the performance of his duties'' as a police officer. Appellant's reliance upon *People* v. *Curtis* (1969) 70 Cal.2d 347 [74 Cal.Rptr. 713, 450 P.2d 33] is misplaced. That appellant committed a battery within the meaning of Penal Code section 243 is manifest.

II. *Was Appellant's Conviction Of Trespass Invalid As Not Being A Lesser And Included Offense?*

██ Appellant also asserts his conviction of trespass must fall, claiming trespass is not a lesser included offense of burglary. Principal reliance is rested upon *People* v. *Harris* (1961) 191 Cal.App.2d 754 [12 Cal.Rptr. 916]. Therein, defendant was prosecuted for burglary ( Pen. Code, § 459), but convicted of trespass in violation of Penal Code, section 602 subdivision (j). The sole question raised was the same as here now considered. In reversing, the court stated (pp. 757-759) : '' [2a] . . . While it is true that a trespass is involved in a burglary in the sense that there is an entry which is an invasion of the possession of property of another without his invitation or consent (cf. *People* v. *Barry* . . . *People* v. *Brittain* . . .), in this case in determining what constitutes a criminal trespass we are confined to the statutory law. . . . [2b] Assuming that section 602, subdivision (j), of the Penal Code is applicable to a state of facts such as is presented in this case (cf. *People* v. *Corlett* . . .), it cannot be said that the intent charged in the information, namely, an intent to commit theft, embraces any intent described in section 602, subdivision (j), namely, a purpose to injure property or property rights or an intent to interfere with, obstruct, or injure a lawful business 'carried on by the owner of such land, his agent or by the person in lawful possession.' [5] As said in *People* v. *Whitlow*, . . .: 'If, in the commission of acts made unlawful by one statute, the offender must always violate another, the one offense is necessarily included in the other. (*People* v. *Krupa*. . . .) Thus, before a lesser offense can be said to constitute a neces-

sary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense. (*People* v. *Greer, supra* [30 Cal.2d 589, 596 (184 P.2d 512].)'' The rule was followed in *People* v. *Mitchell* (1966) 239 Cal.App.2d 318, 327-328 [48 Cal.Rptr. 533] and *People* v. *Lopez* (1967) 249 Cal.App.2d 93, 102-103 [57 Cal.Rptr. 441].

It would thus appear error was committed in the trial court unless statements in *People* v. *Collins* (1960) 54 Cal.2d 57, 59-60 [4 Cal.Rptr. 158, 351 P.2d 326]; *People* v. *Hensel,* 233 Cal.App.2d 834, 838-840 [43 Cal.Rptr. 865] and *People* v. *Mayes* (1968) 262 Cal.App.2d 195, 199-200 [69 Cal.Rptr. 476] are to govern. (Thus, in *Mayes,* at p. 199 of Cal.App.2d, it is said ''However, be this as it may, the real test is whether the defendant had knowledge of every possible theory under which the prosecution was proceeding or whether he was taken by surprise. Thus, the rationale of *Collins* was carried one step further in *People* v. *Hensel* . . . and in *People* v. *Chandler* . . .''.) However, such apparent conflict in rules need not here be resolved.

Appellant, while objecting for the reason noted to his conviction for trespass, overlooks the fact that it was he, himself, who asked the trial court to instruct on that crime.[1] Having invited the error, if any, he may not now complain that the court did as requested (*People* v. *Gioviannini* (1968) 260 Cal. App.2d 597, 606 [67 Cal.Rptr. 303]; *People* v. *Nye* (1965) 63 Cal.2d 166, 173 [45 Cal.Rptr. 328, 403 P.2d 736].)

III. *Is Penal Code Section 243, As Construed and Applied By The Trial Court, Unconstitutional As Violative Of Due Process?*

 Conceding that the Legislature may validly distinguish battery on a police officer from that on a private citizen, appellant argues that Penal Code section 243 is unconstitutional if applied to a person who batters an officer while reasonably unaware such officer is ''engaged in the performance of his duties.''; and that appellant had no reason to know the officer's acts were in the performance of his duties. Our review of the evidence requires that we disagree. The officer,

---

[1] The instruction requested by defendant and given reads, in part: ''If you find that the evidence is insufficient to establish defendant's guilt of the offense charged in Count I of the information, burglary, he may, however, be found guilty of any lesser offense, the commission of which is necessarily included in the offense charged, . . . The offense of burglary . . . necessarily includes the lesser offense of trespass, . . . .''

in uniform and marked car, stopped appellant, told him he fit the burglar's description and started a protective pat-down for concealed weapons. This was sufficient to put appellant in position where he "reasonably should know that [the police officer] is engaged in the performance of his duties," as required by the statute.

The judgment is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 11, 1969. Peters, J., and Tobriner, J., were of the opinion that the petition should be granted.