**William M. LEE, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Sept. 11, 1972.

Certiorari Denied by Supreme Court
Dec. 4, 1972.

Irvin H. Kilcrease, Jr., Nashville, for plaintiff in error.

David M. Pack, Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., Robert H. Schwartz, Asst. Dist. Atty. Gen., Nashville, for defendant in error.

OLIVER, Judge.

## OPINION

Convicted of third degree burglary in the Criminal Court of Davidson County and sentenced to imprisonment for three years in the State Penitentiary, Lee has brought his case to this Court by an appeal in the nature of a writ of error. His only complaint here, as in his motion for a new trial, is that the evidence is insufficient to warrant and sustain the verdict of the jury.

The principles to which we must adhere in reviewing a record when such Assignments are advanced have been enunciated so very many times by our Supreme Court and this Court that they are now common knowledge in the legal profession. The jury's verdict of guilt, approved by the trial judge, strips the defendant of the presumption of innocence, with which the law clothed him throughout his trial, and he stands before this Court presumed to be guilty and he has the burden here of demonstrating that the evidence preponderates against the verdict and in favor of his innocence. The verdict so approved accredits the testimony of the prosecution witnesses and establishes the State's theory of the case. We may review the evidence only to determine whether it preponderates against the verdict, and in doing so we are required to take the verdict as having established the credibility of the State's witnesses. The verdict may not be overturned on the facts unless the evidence clearly preponderates against it and in favor of the innocence of the accused. Jamison v. State, 220 Tenn. 280, 416 S.W.2d 768; Webster v. State, 1 Tenn.Cr.App. 1, 425 S. W.2d 799; Hancock v. State, 1 Tenn.Cr. App. 116, 430 S.W.2d 892; Morelock v. State, Tenn.Cr.App., 460 S.W.2d 861.

This rule governing appellate review of criminal convictions makes unnecessary and, indeed, inappropriate, any detailed discussion of the evidence pro and con. Hargrove v. State, 199 Tenn. 25, 28, 281 S.W.

2d 692, 694; Morrison v. State, 217 Tenn. 374, 397 S.W.2d 826, 400 S.W.2d 237.

We summarize the material evidence. Security Alarms and Services, a firm engaged in providing burglar alarm services, installed an alarm system in the Star Chrysler-Plymouth building in Nashville. The system was so constructed and installed that if the alarm was set off a signal was transmitted to the alarm company's central office. Between 7:30 and 8:00 p. m. on Sunday, February 28, 1971 signals were received both from the rear and the front of the Star Chrysler-Plymouth building. Two alarm company employees on duty responded and arrived at the motor company building within two or three minutes after receiving the signals, and found a glass door broken and the defendant inside the building wearing gloves and carrying a screwdriver and a knife, which they turned over to the police. The defendant stated that he was there to meet a salesman and that he had entered through a side door, but examination disclosed that the side door was locked. Usually the motor company was closed on Sunday, but on the day in question it was open until 4:30 or 5:00 p. m. for a clean-up detail and for an employee to do some extra work. Although nothing was missing from the premises, an obvious attempt had been made to pry open a candy machine located in the service department waiting room.

Testifying in his own behalf, the defendant denied attempting to burglarize the motor company. He testified that when he passed there that afternoon he saw a group of people and decided to stop and look at the cars; that he was expecting money from a Workmen's Compensation claim which he intended to use as a down payment on a car; that he talked to a salesman who was at the time busy with another customer and was told to return later and that the place would be open until 6:30 or 7:00 that evening; that he left and returned between 6:30 and 6:45 and entered the building through a side door; that

when he found no one in the front of the building he started to the rear and met the guards from the alarm company who searched him and found nothing; and that when the police arrived they took him into a back room and "planted" the screwdriver and gloves and knife on him.

■ Although the indictment charges that the breaking and entering the motor company building was with intent to commit larceny, and notwithstanding nothing was missing, this does not invalidate the conviction on the ground of insufficient evidence. The law is that definite and substantive proof of the defendant's felonious intent to steal is not indispensable to conviction of burglary. In 13 Am.Jur.2d 352, Burglary § 52, it is said:

"Intent is a state of mind existing at the time a person commits an offense. If intent required definite and substantive proof, it would be almost impossible to convict, absent facts disclosing a culmination of the intent. The mind of an alleged offender, however, may be read from his acts, conduct, and inferences fairly deducible from all the circumstances.

"There is a lack of unanimity of opinion among the courts on the question whether the intent to commit larceny in connection with a burglary charge must be affirmatively shown to exist as distinct from some other offense which might have been intended. Numerous cases, however, hold that an unexplained breaking and entering into a dwelling house in the nighttime is in itself sufficient to sustain a verdict that the breaking and entry was done with the intent to commit larceny rather than some other felony. The fundamental theory, in the absence of evidence of other intent or explanation for breaking and entering, is that the usual object or purpose of burglarizing a dwelling house at night is theft."

In Vickery v. State, 62 Tex.Cr.R. 311, 137 S.W. 687 (1911), the Court said:

". . . The state's theory was that, having shown that defendant broke and entered the house, it might be presumed that he did so with the intent to commit theft, even though at the time he was detected he had not appropriated any property. This is the general rule when there is no explanation in the evidence of a person breaking and entering the building of another. In the case of Alexander v. State, 31 Tex.Cr.R. [359] 362, 20 S.W. 756, this court held: 'We think the evidence is sufficient to support the conviction under the count charging the entry with intent to commit theft. The intent with which the defendant entered the house is a fact for the jury, to be gathered from the circumstances attending the entry, and prior and subsequent thereto. The Supreme Court of California, in a case similar to the one in hand, said: "Though there was no direct evidence of the intent, it might be inferred from the surrounding circumstances. The weight to be given to these was a question properly left to the jury; and, when a person enters a building through a window at a late hour of the night, after the lights are extinguished, and no explanation is given of his intent, it may well be inferred that his purpose was to commit larceny, such being the usual intent under such circumstances." People v. Soto, 53 Cal. 415; Painter v. State, 26 Tex.App. 454, 9 S.W. 774; Steadman v. State, 81 Ga. 736, 8 S.E. 420; 11 Crim. Law Mag. 410; 2 Archb. Crim. Prac. & Pl. p. 1107. Mr. Archbold says: "Even the very fact of breaking and entering in the nighttime raises the presumption that it is done with the intent of stealing. . . .' ' "

The Supreme Court of Missouri considered the same question in State v. Whitaker, 275 S.W.2d 316 (1955):

"The defendants were charged with a breaking and entering with the intent to steal. This intent must be established by the evidence beyond a reasonable doubt. State v. Shipman, 354 Mo. 265, 189 S.W.2d 273; State v. Brown, Mo.Sup., 217 S.W.2d 546. Such intent may and generally must be proved by circumstantial evidence, for as a rule it is not susceptible of direct proof. State v. Farris, Mo.Sup., 243 S.W.2d 983; 12 C.J.S. Burglary § 55, p. 731. The facts and circumstances in this case are that a short time after one o'clock in the morning Whitaker entered a store building containing valuable property by crawling over an iron grating and breaking out part of a window. Whitaker would not have entered the building at the time and manner he did or by the method used if he were entering for a lawful purpose. The intent with which certain acts are done may be found, and frequently can only be found, from the attendant circumstances and must ordinarily be inferred from the facts. State v. Lugar, Mo.Sup., 84 S.W.2d 614. If a person breaks and enters a house intending to steal, he is not exonerated from the commission of burglary merely because he did not steal anything or because he was frightened away before he carried out his intent. State v. Shipman, supra. Neither is he to be exonerated because during the breaking and entering he made so much noise that he attracted the police to the scene before he was able to accomplish his mission. Consummation of the intent is not necessary to complete the crime of burglary. State v. Farris, supra. The facts and circumstances shown are sufficient to authorize a finding that Whitaker broke and entered the building with the intent to steal. The jury so found under appropriate instructions. The finding is supported by substantial evidence."

The Supreme Court of Idaho said in Ex Parte Seyfried, 74 Idaho 467, 264 P.2d 685 (1953):

"Where a dwelling house is broken and entered in the nighttime and no lawful

motive or purpose is shown or appears, or any satisfactory or reasonable explanation given for such breaking and entering, the presumption arises that the breaking and entering were accomplished with the intent to commit larceny. The fact that the officers were present and apprehended the burglar before he had an opportunity to carry his purpose into execution is of no importance. The crime of burglary was consummated when the unlawful entry was made with intent to steal or commit some felony therein. Sec. 18–1401, I.C.

"The common experiences of mankind raise a strong presumption and inference that such a breaking and entering as is here shown was made with the purpose of committing larceny, no other purpose appearing. It is sufficient to show the essential unlawful intent when the entry was made by circumstantial evidence. Direct evidence of such intent is not required. One's intent may be proved by his acts and conduct, and such is the usual and customary mode of proving intent. The following authorities, among others, support the conclusion reached. 9 Am.Jur. 271, § 61; 9 C.J. 1078, § 138; 12 C.J.S. Burglary § 48, page 719; State v. Woodruff, 208 Iowa 236, 225 N.W. 254; People v. Les, 267 Mich. 648, 255 N.W. 407; Steadman v. State, 81 Ga. 736, 8 S.E. 420; Moseley v. State, 92 Miss. 250, 45 So. 833; People v. Soto, 53 Cal. 415; Cady v. United States, 54 App.D.C. 10, 293 F. 829. No authority holding otherwise has been called to our attention."

■ There can be no question, then, that the law is well settled and firmly established that an unexplained unlawful breaking and entering into a building of another is in itself sufficient to sustain a verdict that the breaking and entry was done with the intent to commit larceny rather than some other felony.

■ As the sole and exclusive judges of the evidence and of the weight to be given

to the swearing of each and every witness in the case, Gordon v. State, Tenn.Cr.App., 478 S.W.2d 911; Bailey v. State, Tenn.Cr. App., 479 S.W.2d 829, the jury rejected the defendant's story. This record amply sustains that conclusion. The defendant has failed to carry his burden of demonstrating here that the evidence preponderates against the verdict and in favor of his innocence.

Let the judgment of the trial court be affirmed.

WALKER, P. J., and GALBREATH, J., concur.