26633.   DePALMA v. THE STATE.

ARGUED SEPTEMBER 13, 1971—DECIDED NOVEMBER 5, 1971.

*David Wayne Rutledge, John McGuigan*, for appellant.

E. W. Fleming, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Mathew Robins, Assistant Attorneys General, for appellee.

MOBLEY, Presiding Justice. J. D. DePalma was indicted for the armed robbery of Dr. R. H. McDonald and his wife at their home in Newnan, Georgia, on December 8, 1970. The indictment charged that he and two other persons took described jewelry, mink stole and jacket, pistol, and other items, of the value of $38,205. The defendant was convicted of the crime charged and sentenced to 20 years in the penitentiary. His appeal is from that judgment.

■ The first three errors enumerated allege that the evidence was circumstantial and not sufficient to support the verdict. The fourth error enumerated alleges that the court erred in failing to charge on circumstantial evidence.

Dr. McDonald testified that a person came to his door on December 8, 1970, and introduced himself as a physician from Talmadge Memorial Hospital at Augusta; that he invited the man in, and upon entering the man immediately drew a pistol on the doctor and then let his two accomplices in the back door. They both had stockings over their heads. Dr. McDonald was not able later to recognize the defendant as one of the two masked men from seeing him, but testified that he did recognize the voice of the defendant as one of the masked men who robbed him and his wife, and that the defendant's build was about the same as that of one of the three assailants.

In addition to that evidence, police found in the apartment of the defendant burglary tools, narcotics, and property identified as that of Dr. and Mrs. McDonald, which included a pistol and numerous items of jewelry. The pistol and jewelry were found in the bedroom of the defendant. The pistol was under the mattress of his bed, and the jewelry was in the back of his chest of drawers.

Two other men, who had been staying there for about a week, were found in the apartment. One was paralyzed from having been shot. There is no evidence to connect ei-

ther of them with the robbery.

There is no merit in the defendant's contention that the evidence is wholly circumstantial, for the doctor positively identified the defendant by his voice as one of those who robbed him and his wife. There was strong circumstantial evidence, but there being direct evidence, the burden was not upon the State to prove facts which exclude every reasonable hypothesis save that of the guilt of the accused.

The defendant offered evidence of several witnesses that the defendant was present at his place of business and at his home on the date of the robbery. An issue of fact was made, which the jury decided in favor of the State. The evidence was sufficient to sustain the conviction.

Since the evidence was not wholly circumstantial, a charge on circumstantial evidence was not required. *Nobles v. State,* 127 Ga. 212 (5) (56 SE 125); *Williams v. State,* 196 Ga. 503 (1) (26 SE2d 926); *Reece v. State,* 208 Ga. 165 (3) (66 SE2d 133).

■ Enumerated error 5 complains of the introduction in evidence of a search warrant, affidavit for the issuance of the warrant, and exhibit attached to the warrant listing property found, on the ground that this was hearsay evidence. Error 6 alleges that the introduction of these documents placed the defendant's character in issue.

The defendant objected to the admission of these documents on the ground that neither was a certified copy of a legal proceeding that was held, and neither was shown to be a legitimate copy. The court overruled this objection.

Counsel for the defendant made no objection to the introduction of the affidavit or the search warrant, when offered in evidence, or at any time, on the ground that the evidence was hearsay or that it put his character in issue.

The court having made no ruling refusing to exclude the evidence on the grounds complained of in these enumerated errors, no question is made for this court to review.

■ The seventh error enumerated is the introduction of the affidavit for the search warrant over the objection that

it was not the highest and best evidence. This objection was made at the time of the hearing on a motion to suppress the evidence obtained by the search warrant, and the objection was renewed when the search warrant and accompanying affidavit were introduced at the trial.

Counsel for the defendant relies on the ruling in *Williamson v. State,* 217 Ga. 162, 164 (121 SE2d 782), that a public record can be proved only by a duly certified copy thereof, in the absence of admission in open court that the document is an original public record. See *Code* §§ 38-601, 38-602.

A search warrant does not come under this rule as to public records. Both this court and the Court of Appeals have held that a search warrant is the highest and best evidence of its contents. *Gee v. State,* 225 Ga. 669, 672 (171 SE2d 291); *Cain v. State,* 113 Ga. App. 477, 480 (148 SE2d 508).

■ Enumerated errors 8 and 9 assert that the trial court erred in overruling the appellant's motion to suppress evidence consisting of a pistol and described jewelry alleged to be property stolen in the robbery with which the defendant was charged. The motion to suppress alleged that the search warrant under which the premises of the defendant were searched was issued without sufficient probable cause, and that the seizure of the pistol and items of jewelry was illegal because these items were not specified in the warrant.

(a) The affidavit to obtain the search warrant was made by DeKalb County Detective Russell L. Hart. He stated that he had reason to believe that on described premises (the apartment of the defendant) there were being concealed narcotics and burglary tools. The facts given to support the issuance of the warrant were as follows: "On January 5, 1971, Lt. B. J. Stetcher went to 2988 Buford Hwy. # A-2 Atlanta, Ga. and served a warrant against Roger Charles Thomas. On entering the apartment and arresting Thomas certain items could be seen in plain view. These included tools for the commission of a crime; crow

bars and jimmies and narcotics; marijuana and pipes to smoke marijuana. Subject DePalma is known to this officer as having a past record for burglary violations."

The items described by the search warrant, narcotics and burglary tools, are items "the possession of which is unlawful," as described in our statute on search warrants specifying the items that may be seized. Code Ann. § 27-303 (d) (Ga. L. 1966, pp. 567, 568). See Code Ann. § 26-1602 (Ga. L. 1968, pp. 1249, 1287); Code Ann. § 79A-803 (Ga. L. 1967, pp. 296, 328).

The information on which the affidavit for the search warrant was based was received from Lieutenant Stetcher, in charge of the fugitive squad with the City of Atlanta, who had discovered the items listed when executing a fugitive warrant for a man who was staying at the defendant's apartment. An affidavit to obtain a search warrant is not insufficient merely because the affiant relies on information obtained from others to show probable cause for the issuance of the warrant. Strauss v. Stynchcombe, 224 Ga. 859, 863 (165 SE2d 302). The informant in the present case was a police officer who had gone to the defendant's apartment in the course of his duties, and the affidavit constituted ample showing of probable cause for the issuance of the search warrant.

(b) It is contended that the seizure of the pistol and jewelry was illegal because these items were not specified on the search warrant as items to be seized.

Our search warrant law provides that when a peace officer is in the process of effecting a lawful search, he is not precluded from seizing any stolen or embezzled property, etc. Code Ann. § 27-303 (e) (Ga. L. 1966, pp. 567, 568). It was reasonable in the search for burglary tools and narcotics to make a thorough search of the defendant's apartment. When articles of jewelry with the stones missing were found in a dresser drawer, and a pistol with the serial number removed therefrom was found under the mattress of a bed, in an apartment where burglary tools were found, the officers had probable cause to believe that the jewelry

and pistol were stolen property and subject to seizure, even though they were not listed on the search warrant. *Campbell v. State*, 226 Ga. 883, 887 (178 SE2d 257).

(c) It is contended that the search in the present case was a "general search." Such a search has been often condemned as unconstitutional by the Supreme Court of the United States. For instance, see Stanford v. Texas, 379 U. S. 476 (85 SC 506, 13 LE2d 431). We have previously held that the officers had probable cause to believe that the property seized was stolen property, and the seizure of such property did not make the search a "general" search. *Campbell v. State*, 226 Ga. 883, 886, supra.

The trial judge did not err in denying the motion to suppress.

*Judgment affirmed. All the Justices concur.*