## 50163. WILLINGHAM v. THE STATE.

WEBB, Judge.

Rufus Willingham was indicted, tried and convicted for selling heroin and cocaine in violation of the Uniform Narcotic Drug Act (Code Ann. Ch. 79A-8), and he appeals to this court. *Held:*

1. Enumeration of error 3 complains that "Appellant was denied effective assistance of counsel as required by the Sixth and Fourteenth Amendments to the Constitution of the United States and Art. I, Par. V of the Constitution of Georgia." We find no merit in this enumeration.

The record clearly indicates that over a period of time before the case was finally tried defendant Willingham was given several continuances and opportunities to appear in court with counsel of his own choosing, but various counsel withdrew over this time period because of non-payment of fee. The public defender, who had been assigned to represent him in the event he could not hire his own counsel, familiarized himself with the case but defendant resisted his assistance. Finally on January 28, 1974, defendant again appeared for trial without his own counsel and stated that if he did not have counsel the following day, he would represent himself voluntarily. He did not have his own counsel the following day, chose to represent himself, and continued to resist the assistance of the public defender. The evidence showed that

defendant and his relatives were financially unable to hire counsel, and as the trial court observed, "it's perfectly clear that this case has been continued again and again and it has involved various lawyers here from time to time, which indicates to me first of all that these men cannot afford to employ an attorney. And when that judgment was made the last time, I asked Mr. Chason to represent you and he is prepared to do it, the Public Defender's office has been assigned to assist you." No contention is made that Mr. Chason was ineffective at the trial, and such a contention could not be sustained under the circumstances here. *Crawford v. State,* 232 Ga. 71, 72 (1) (205 SE2d 276).

The essence of defendant's argument is that if he is unable to employ his own counsel, then he is immune from prosecution. We are aware of no such rule, the mandate being that competent counsel be provided to defendant if he cannot afford to retain his own counsel. Counsel was so provided, and enumeration of error 3 is without merit.

*Long v. State,* 119 Ga. App. 82 (166 SE2d 365) and *Dowda v. State,* 119 Ga. App. 124 (166 SE2d 404), relied upon by defendant, do not require a different result since in *Long* defendant had in fact employed counsel who was unable to attend court that day, resulting in defendant's being represented by different and unprepared counsel, and in *Dowda* employed counsel had not had time to prepare the case and a continuance was refused. *Walker v. State,* 194 Ga. 727 (22 SE2d 462) is inapplicable under the record here.

2. Defendant contends in enumeration of error 4 that his "character was illegally and unlawfully put in issue." However, the record reveals that he himself invited the cross examination complained of by stating on direct examination that he was "shooting eight bags a day of drugs, which costs me $56.00. Now, my habit was $56.00 a day." If defendant's character was put in issue as to this matter, he himself did so, and no reversible error appears.

3. The evidence was quite ample to sustain the conviction.

4. Defendant complained in the motion for new trial of alleged error occurring at the sentencing phase of the

bifurcated trial. The trial court sustained the motion for new trial as to the sentencing phase, concluding that error had occurred when the prosecutor argued to the jury with respect to possible pardon or parole. See Code Ann. § 27-2206. Apparently then, without having a new trial as to sentencing, the court simultaneously attempted to correct the error itself by ordering that the sentences imposed in Counts 3 and 4 be made to run concurrently with the sentences imposed in Counts 1 and 2, instead of consecutively as the jury had determined. The state contends that any error which might have been committed during the sentencing phase was corrected by this action of the trial court cutting the total sentence from 32 to 16 years. The jury had set consecutive sentences at eight years (out of a maximum of ten) on each count; and we do not agree that the error was ipso facto corrected, since the jury might have set punishment at a lesser time in one, some, or all of the counts, or might have made all sentences run concurrently. Having granted a motion for new trial as to the sentencing phase, it is our view that the court should have held the new trial thereon. This should be done without the intervention of a jury, and we so order. Code Ann. § 27-2301 (Ga. L. 1974, p. 352); *Cofer v. Hopper,* 233 Ga. 155, 157 (4) (210 SE2d 678); *Jones v. State,* 233 Ga. 662 (2).

*Judgment of conviction affirmed with direction that a new trial be had as to sentencing. Bell, C. J., and Marshall, J., concur.*

SUBMITTED FEBRUARY 3, 1975 — DECIDED FEBRUARY 19, 1975 — REHEARING DENIED MARCH 4, 1975.

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, R. David Petersen, Jack Mallard, Joseph J. Drolet, Assistant District Attorneys,* for appellee.