## 30290. McNEESE v. THE STATE.

HILL, Justice.

Kenneth McNeese was convicted by a jury of rape and was sentenced to three years. He appeals to this court from the conviction and sentence.

Sometime after midnight on July 1, 1974, the appellant and two other men were driving down a street in Chattanooga, Tennessee, when they saw the alleged victim at the scene of an auto accident. One of them called a wrecker for her car and they offered to take her home to LaFayette, Georgia. The alleged victim was an employee of the Silver Dollar Supper Club in Chattanooga. Later the driver remembered that he had a prior engagement and so appellant agreed to take her home in his car.

The testimony is conflicting as to why they stopped at a green house on Cloud Springs Road in Catoosa County and what happened when they got there.

The victim contends that one of the men pulled her out of the car, took her inside and into the bedroom, and ordered her to undress. She testified that first the other man, who was also convicted of rape at the same trial, raped her and that then the appellant raped her. After appellant left the room, she dressed, finding only one shoe, and fled from the house. She ran through the woods to a neighboring house. She asked the woman who came to the door to call the police. The police took her back to the green house where they found the shoe, and then to the hospital where she was examined.

The appellant and his companion both testified that the victim was not forced out of the car and into the house; they denied having sexual intercourse with her; and they both testified that she simply ran from the house with no explanation.

1. Three of appellant's enumerations of error concerning the examination of a witness for the state by the special prosecutor will be treated together.

At trial the prosecutor called the neighbor as a witness. She testified that her doorbell rang at approximately 3:30 a. m., and she went to the window and saw a girl standing there, and that the girl said "Would you call the police, there's two boys tried to rape me."

The neighbor testified that she called the police and that before the police arrived she stepped out on the porch with the girl.

The prosecutor asked the court to excuse the jury. He then contended that he had been entrapped, saying that her testimony varied considerably from the statement she had previously given him. He stated that "The State expected this witness to testify that the girl came to her front door in the wee hours of the morning, was staggering drunk, and she never went out on the front porch with her, and the girl told her she had been raped, and basically the police came. . ."

The court instructed the prosecutor to ask the witness if she had given a different statement earlier. She denied changing her story. The court called the jury back and told them he was going to permit the prosecutor to cross examine this witness.

The appellant contends that the court erred in permitting the prosecutor to cross examine the witness because a proper foundation for entrapment had not been established. He argues that the evidence submitted by the prosecutor was insufficient to show surprise as required by Code Ann. § 38-1801.

Code Ann. § 38-1801 provides for impeachment of a witness by the party who voluntarily called him only "where he can show to the court that he has been entrapped by said witness by a previous contradictory statement." Entrapment has been interpreted as requiring "surprise" on the part of the calling party. *Wilson v. State,* 235 Ga. 470 (219 SE2d 756). Here the witness' earlier statement as related by the prosecutor differed from her testimony on the issue as to whether the victim's first words were that she had been raped or that someone tried to rape her. The prosecutor did lay a proper foundation and we cannot find that the trial judge abused his discretion in allowing him to cross examine the witness. Code Ann. § 38-1706. *Young v. State,* 220 Ga. 75 (2) (137 SE2d 34) (1964).

The appellant contends that the trial court erred in his statement to the jury which was given before the prosecutor began his cross examination of the neighbor. The court stated: "Ladies and gentlemen, counsel for the

State says that he has been entrapped by this witness, and I am going to permit him to cross examine his own witness based upon that, and what I have heard outside of the hearing of the jury." The appellant argues that this is an impermissible comment upon the credibility of the witness in violation of Code Ann. § 81-1104.

We do not agree. To us, the statement by the judge was an explanation to the jury of why the prosecutor would be permitted to cross examine. The phrase "what I have heard outside of the hearing of the jury" refers to the foundation required for entrapment. We do not see this as a comment on the credibility of the witness. In addition, defense counsel did not object to the statement at the trial.

As the third related enumeration of error, the appellant argues that the cross examination which the prosecutor conducted was too broad in scope. The scope of the cross examination is a matter which addresses itself to the discretion of the trial judge. Appellant made no objection during this cross examination. The witness adhered to her original testimony. Thus we find no merit in this enumeration of error.

2. Appellant contends that the trial court erred in failing to grant a directed verdict of acquittal and in denying a motion for new trial because the evidence was insufficient to support the verdict. The test of both these enumerations is the same. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743) (1975).

Appellant cites *Mathews v. State,* 101 Ga. 547 (29 SE 424) (1897), and urges that there was no evidence of force exerted against the victim by this defendant. *Mathews* was a prosecution for adultery and fornication in which the defendant contended that he was not guilty of those charges because the evidence showed that force had been used; i.e., that the charge should have been rape. The court found that although some force had been used at the outset, there was evidence of consent. Much of what was said in that opinion regarding consent (to sexual intercourse) obtained by force is the subject of controversy today. In the case before us, however, the evidence of force exerted against the victim by the co-defendant is chargeable to the appellant. Code Ann. § 26-801.

The victim testified to action by the appellant's co-defendant which constituted rape. She testified that appellant then raped her. Notwithstanding the testimony of the neighbor, the victim's testimony was corroborated by the examining physician, as well as the policeman who answered the call. We find sufficient evidence to support the verdict.

3. Appellant's final enumeration is more difficult. He contends that he was entitled to be sentenced by the court and that the trial judge erred in permitting the jury to impose the sentence. No objection was made at trial to the jury determining the sentence to be imposed in this case. The jury set the sentence at three years.

Code Ann. § 27-2301 (Ga. L. 1974, p. 352) provides that the sentence shall be imposed by the trial judge. Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357) provides for a pre-sentence hearing by the judge after the return of a verdict of guilty by the jury in all felony cases in which the death penalty may not be imposed. The effective date of both these statutes was July 1, 1974, and therefore they were in effect when this crime took place as well as when the trial occurred.

Although many rape cases would not be subject to Code Ann. § 27-2503 because it is a felony in which the death penalty may be imposed, in this case the state did not ask for the death penalty and consequently the case falls within §§ 27-2301 and 27-2503.

The question is whether these sections require judge sentencing or whether jury sentencing is permitted in the absence of an objection by the defendant. Judge sentencing in felony cases (except death cases) is now mandatory. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583) (1975). The question then becomes whether judge sentencing is either harmless error or may be waived. In *Wheeless v. State,* 135 Ga. App. 406 (10) (218 SE2d 88) (1975), the Court of Appeals held that the setting of a 6-year sentence by a jury violated § 27-2503, and remanded for the judge to fix the sentence, thus insuring sentence review under Code Ann. § 27-2511.1 (a). That section provides for sentence review in cases in which sentences of five years or more have been imposed by the court.

In the present case the sentence which was imposed by the jury was only three years. The rationale of *Wheeless* for finding jury sentencing to be harmful error is therefore inapplicable here. We hold that the appellant thus waived his right to be sentenced by the court since he received less than a five year sentence from the jury. "A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221) (1951).

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

SUBMITTED SEPTEMBER 8, 1975 — DECIDED JANUARY 6, 1976 — REHEARING DENIED JANUARY 27, 1976.

*Mitchell, Mitchell, Coppedge & Boyett, Erwin Mitchell, John W. Love, Jr.,* for appellant.

*Earl Self, District Attorney, C. P. Brackett, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.