## 52174. BAILEY v. THE STATE.

MARSHALL, Judge.

Bailey brings this appeal from his conviction of voluntary manslaughter and a sentence of twenty years. He enumerates seven errors. *Held:*

1. The first enumeration of error complains the trial court erred in failing to admonish a witness who during cross examination called defense counsel a "chump." We note that several of the state's witnesses were hostile to the defense and on several occasions refused to answer specific questions. The trial court without ruling on the propriety of the questions did not hold any witness in contempt nor require any witness to answer those specific questions. Nevertheless, the trial court allowed the witnesses to be subjected to a thorough cross examination and the trial court did not curtail any relevant, material issues.

A trial judge is a minister of justice, not a mere chairman preserving order at a meeting or a mere moderator of a debate. The court has a duty to govern the progress of a trial and, where possible, prevent introduction of inadmissible matters. Insofar as the witnesses refused to answer questions or assumed an improper decorum, the trial court tended to abandon the control of a part of the trial to the witnesses. See *Heard v. Heard,* 99 Ga. App. 864 (110 SE2d 76); Paragraph 1.1, American Bar Association Standards for Criminal Justice, Standard Relating to the Function of the Trial

Judge.

Nevertheless, the trial court has broad discretion in regulating and controlling the business of the court. Reviewing courts should never interfere with the exercise of that discretion unless it is made to appear that wrong or oppression results from its abuse, or the court in some manner takes away the right the parties have under the law. *Hopkins v. Allen,* 123 Ga. App. 330 (180 SE2d 919). Appellant has not shown nor do we perceive prejudice to his substantial rights. Counsel was not shown to be less effective nor was testimony withheld. This enumeration is without merit.

2. In his second enumeration of error, appellant complains he was denied the opportunity to resume and continue a line of questioning on cross examination. Counsel for the defendant was making legitimate inquiry of a state's witness concerning possible provocation or impeachment. During a subsequent colloquy with the court the witness interjected the comment in which counsel was denominated a "chump." When counsel sought to inquire what the witness meant by the comment, the court curtailed the subject. Immediately before the curtailment of that subject, the court had advised counsel that it would allow the defense to ask as many questions as the defense desired within the scope of the previous lines of questions. The right to a thorough and sifting cross examination is not abridged by the action of the judge in confining it to matters that are in some manner relevant to the issues in the case on trial. *Allen v. State,* 137 Ga. App. 302, 303 (223 SE2d 495); *Sheffield v. State,* 124 Ga. App. 295, 296 (183 SE2d 525); *Mitchell v. State,* 236 Ga. 251, 256 (223 SE2d 650); *Eades v. State,* 232 Ga. 735, 737 (2) (208 SE2d 791). This enumeration lacks merit.

3. Complaint is made in the third enumeration of error of a hearsay statement volunteered by a state's witness which portrayed possible misconduct by appellant after the homicide. The court agreed that the statement was hearsay but did not instruct the jury to disregard.

The statement did not tend to paint the appellant as a bad or vicious individual nor contribute to the question of

guilt or innocence arising out of the earlier shooting which defendant admitted. The evidence was irrelevant to any issue before the jury. The burden is on the party alleging that a judgment is erroneous to show it affirmatively by the record and to show not only there was error but to show that it was injurious. *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741). Appellant has failed to show injury in this regard. See *Burger Chef Systems, Inc. v. Newton,* 126 Ga. App. 636, 639 (191 SE2d 479).

4. In his fourth enumeration appellant complains that the district attorney made improper comments and stated his opinion during closing argument. It is quite proper for counsel to recount the evidence and draw reasonable inferences therefrom. Since there was evidence of an unlawful killing, it was not error for the state's attorney to refer to appellant as a murderer or to call for his conviction for murder. *Moore v. State,* 222 Ga. 748 (152 SE2d 570); *Gravitt v. State,* 220 Ga. 781 (141 SE2d 893); *Clifton v. State,* 187 Ga. 502, 508 (2 SE2d 102).

5. Enumerations of error 5 and 6 deal with the alleged use of leading questions and failure of notice to defense of aggravating circumstances during the pre-sentencing phase of the trial. In view of our disposition of enumeration of error 7, these enumerations are moot.

6. The seventh enumeration asserts the trial court erred in allowing the jury to fix the sentence in this noncapital case. This enumeration has merit. Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 375) made judge sentencing in noncapital felony cases mandatory. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Wheeless v. State,* 135 Ga. App. 406 (10) (218 SE2d 88). When, as in this case, the sentence affixed is five years or more and the trial court apparently follows the sentence fixed by the jury in the judgment, failure to follow the mandate of Code Ann. § 27-2503 is neither harmless nor waived by a failure to object to the procedure. *McNeese v. State,* 236 Ga. 26, 29-30 (222 SE2d 318).

The verdict of guilt is affirmed. The sentence of the court is set aside and returned to the trial court for compliance with Code § 27-2503.

*Judgment affirmed in part and reversed in part with*

810

*direction. Pannell, P. J., and McMurray, J., concur.*

SUBMITTED MAY 4, 1976 — DECIDED MAY 27, 1976.

*E. Kontz Bennett, Jr.,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.