## 55236. WELLS v. THE STATE.

DEEN, Presiding Judge.

Appellant was indicted for burglary, but, after a jury trial, the jury returned a guilty verdict on the lesser included offense of criminal trespass. He was sentenced to 12 months in the Fulton County jail or public works camp with 6 months to serve and the balance on probation. On appeal, he asserts two enumerations of error.

On July 22, 1977, Ronald Horton and his wife were spending the night in the den of his mother's house while his mother was out of town when they noticed a prowler coming through a window. Horton's wife turned on the light and Horton grabbed the intruder. A scuffle ensued, but the prowler managed to escape through the window by which he had entered. Horton was able to identify appellant as the prowler to the investigating police officer because they had attended high school together.

1. Appellant contends that the trial court erred in denying his motion for a directed verdict of acquittal at the close of the state's case because there was no evidence presented to show that appellant entered the house with the intent to commit a felony therein. While mere illegal entry alone does not satisfy the elements of the crime of burglary and there must be some evidence of an intent to

commit theft separate and apart from the unauthorized entry, the question of intent is for the determination of the jury under the facts and circumstances proved. *Ealey v. State,* 139 Ga. App. 604 (229 SE2d 86) (1976). Under Code Ann. § 26-605, "[a] person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, motive, and all other circumstances connected with the act for which the accused is prosecuted." The state's evidence showing that appellant was entering through a window of the house in the early hours of the morning, struggling with the victim, and fleeing through the window by which he entered, was sufficient to withstand a motion for directed verdict of acquittal.

2. Appellant also contends that the evidence was not sufficient to sustain the verdict. We disagree. Although appellant denies entering the house, "[w]here the testimony of the state and the defendant is in conflict, the jury is the final arbiter. [Cits.]" *Sims v. State,* 137 Ga. App. 264 (223 SE2d 468) (1976). There was ample evidence to support the jury verdict.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED FEBRUARY 1, 1978 — DECIDED FEBRUARY 16, 1978.

*Murray M. Silver,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys,* for appellee.