## 58510. ALMON v. THE STATE.

BANKE, Judge.

The appellant was indicted for murder and found guilty of voluntary manslaughter following a trial marked by much conflicting testimony. On appeal from

the denial of his motion for new trial, he contends that the trial court erred in admitting evidence of an incriminating statement which he allegedly made to a deputy sheriff. He further contends that the court erred in considering evidence of prior criminal convictions during the pre-sentence hearing without having first disclosed to him its intention to do so. *Held:*

1. The appellant was arrested shortly after the killing by Charles Thomas, a deputy sheriff who was also the victim's son. Thomas beat the appellant and shot him in the hand as he was lying face down on the road. The following day, after the appellant was released from the hospital, he was questioned by another deputy, Henry Robinson. At this time he allegedly made a statement that he had backed off a few steps from the victim before shooting him, a fact which, if true, was detrimental to his claim of self-defense. Robinson testified at the Jackson v. Denno hearing that the appellant "appeared to have some pain but he appeared to be sober and in a good mental state when he made this statement." He also stated that he had fully explained to the appellant his Miranda rights and that he had made no threats to him to induce him to talk.

The appellant contends on appeal that he was in great fear of Deputy Robinson during the questioning, due to the effects of his encounter with Deputy Thomas the previous day. However, he did not take the stand and testify to this effect at the hearing, nor did he introduce any other evidence tending to show that his statements to Robinson were made under fear or duress or that they were otherwise extracted from him against his will. Thomas' treatment of him on the previous day was undoubtedly related to the fact that he had killed Thomas' father. Robinson had no such reason to seek revenge, and thus the appellant did not have the same reason to fear him.

"This court will not reverse the trial court's determination after an adequate Denno hearing if there is evidence to support the trial court's decision." *Pierce v. State,* 231 Ga. 731 (3), 732 (204 SE2d 159) (1974). There was ample uncontroverted evidence to support the court's finding of voluntariness in this case. The first

enumeration of error is without merit.

2. The state attempted to introduce an FBI "rap sheet" into evidence at the presentence hearing, but the court disallowed it on appellant's objections that the prior criminal convictions listed in the document, one of which was for aggravated assault, had not been made known to him prior to trial as required by Code Ann. § 27-2503 (a) (Ga. L. 1974, pp. 352, 357). Nevertheless, this same report was accepted by the court, over appellant's objection, as part of a probation officer's report prepared for the court's use in sentencing.

In *Munsford v. State,* 235 Ga. 38, 45 (218 SE2d 792) (1975), the Supreme Court stated: "[I]f a pre-sentence report contains any matter adverse to the defendant and likely to influence the decision to suspend or probate the sentence, it should be revealed to defense counsel by the trial judge in advance of the pre-sentence hearing to give the accused an opportunity for explanation or rebuttal. However, since the statute (Code Ann. § 27-2709, 10) does not require the content of the report to be shared with counsel, we must conclude that it is in the sound discretion of the trial judge whether to reveal the content of the report to counsel for the accused and for the state." The court in *Munsford* went on to hold that, in the absence of a showing that the trial court had considered the presentence report in aggravation of punishment rather than "for the purpose of deciding whether to suspend or probate all or some part of the sentences to be imposed," there was no ground for reversal. *Munsford v. State,* supra, at 45. However, the court in that case had before it properly admitted evidence of three prior felony convictions in addition to the material contained in the presentence report, which contained references merely to some prior charges in juvenile court and recorder's court. Under these circumstances, the Supreme Court's conclusion that the presentence report had not been used to increase the defendant's sentence was quite reasonable. In contrast, there was no properly admitted evidence of prior felonies in the case before us now. Thus, had it not been for the presentence report, the appellant would not have appeared as a mutiple offender. Under these circumstances, we are unable to conclude that the

report was not used to increase the length of the sentence imposed, which was 15 out of a possible 20 years. Accordingly, the appellant's sentence is vacated and the case is remanded for resentencing upon proper evidence. Accord, *Dorsey v. Willis,* 242 Ga. 316, 318 (249 SE2d 28) (1978).

*Judgment as to the conviction is affirmed, but the case is remanded for resentencing by the trial judge. McMurray, P. J., and Underwood, J., concur.*

ARGUED SEPTEMBER 25, 1979 — DECIDED OCTOBER 19, 1979 —

*Gerald P. Word,* for appellant.
*William S. Lee, District Attorney, Michael G. Kam, Assistant District Attorney,* for appellee.