### 59339. JACKSON v. THE STATE.

SOGNIER, Judge.

Jackson was charged with two counts of selling marijuana. She was convicted of Count 2, but acquitted of Count 1 in the Superior Court of Muscogee County. A recitation of the facts is not necessary,

as the evidence was more than sufficient to sustain the verdict.

1. Appellant contends the trial court erred in allowing the state to introduce evidence of Jackson's character in evidence. The short answer to this contention is that the state did not introduce such evidence; the testimony referring to the appellant's character was in response to a question asked by appellant's counsel on cross examination of a state witness. When a defense counsel induces the complained of testimony, he is in no position to complain. *Drake v. State,* 142 Ga. App. 14 (234 SE2d 825) (1977); *Willingham v. State,* 134 Ga. App. 144, 145 (2) (213 SE2d 516) (1975). Further, when the state raised the same issue on cross examination of the appellant, the objection of defense counsel was sustained. Thus, no error was committed.

2. Appellant next contends the verdicts are repugnant because they create an absurdity in the conviction, are the result of a compromise and are therefore void. There is nothing in the record to support this contention. Appellant's contention that the jury reached a "compromise" verdict is mere speculation. Appellant has cited no authority, and we find nothing in the record, to conclude the verdict was a compromise. This court cannot consider factual representations in a brief which do not appear in the record. *Konscol v. Konscol,* 151 Ga. App. 696 (261 SE2d 438) (1979). Neither are the findings of not guilty of Count 1 and guilty of Count 2 repugnant, or inconsistent. "The determinative factor in such cases is whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge. If so, the evidence is then insufficient to support a verdict of guilty in the convicted charge." *Conroy v. State,* 231 Ga. 472, 475 (202 SE2d 398) (1973). Accord, *Stewart v. State,* 147 Ga. App. 547 (2) (249 SE2d 351) (1978). Applying this test, it is clear that a finding of not guilty of selling marijuana on August 21, 1978 does not include any finding of fact essential to conviction of selling marijuana on October 20, 1978. Accordingly, this enumeration is without error.

3. The enumerations of error designated (C) and (D) have been decided adversely to the contentions of appellant. *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979); *Whisenhunt v. State,* 152 Ga. App. 829 (264 SE2d 271) (1979).

4. Appellant made no objection to the court's initial charge to the jury, and it is well settled that this court will not consider questions raised for the first time on review. *Sanders v. State,* 134 Ga. App. 825 (216 SE2d 371) (1975). As to the contention that it was error for the trial court to give the so-called "Allen" charge (Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528), such enumeration is without merit. The instruction given by the trial

judge in this case has been approved by both the Supreme Court of Georgia, *Spaulding v. State,* 232 Ga. 411, 413 (4) (207 SE2d 43) (1974) and by this court. *Bankston v. State,* 149 Ga. App. 759, 760 (3) (256 SE2d 122) (1979).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

Submitted February 6, 1980 — Decided April 28, 1980 —

*James A. Elkins. Jr.,* for appellant.

*William J. Smith, Jr., District Attorney, J. Gray Conger, Assistant District Attorney,* for appellee.