## 60746. THREATT v. THE STATE.

Quillian, Presiding Judge.

The defendant, John J. Threatt, entered a plea of guilty to the offense of child molestation. He brings this appeal, alleging the court erred in imposing the maximum sentence of twenty years, in the absence of aggravating circumstances, in refusing to exercise its discretion in imposing sentence, and refusing to consider anything less than the maximum penalty unless the defendant agreed to permit the court to consider a "pre-sentence investigation report in determining length of sentence." *Held:*

After entry of the guilty plea, a hearing was held in which the defendant requested he be allowed to present evidence in mitigation. The court announced that it had received, but not examined, "a pre-sentence investigation report" and let counsel for the defense examine it. The defendant objected to its use "in aggravation of the offense." The trial court then directed that the report be returned to the probation officer and announced that he would not use it.

After presentation of the defendant's mitigating evidence the court announced imposition of the maximum sentence of 20 years and asked for "a post-sentence investigation report" with which he would "determine whether or not the sentence imposed in this case needs to be and should be *reduced* in any amount." (Emphasis supplied.) The defendant objected to this procedure and the trial court stated that it would not "run a post-sentence investigation."

Defendant argues, "[b]y imposing the maximum sentence upon

defendants who insist upon their rights . . . and by offering to exercise its discretion to consider the sentence only upon the condition that the defendant waive all of his [Code Ann. § 27-2503] rights, the court unlawfully refused to exercise its discretion . . . and erroneously sentenced this defendant to the maximum in the face of mitigating circumstances and in the absence of any aggravating circumstances."

The State argues that the hearing was not held "pursuant to Georgia Code 27-2503 for the purpose of receiving evidence in aggravation and mitigation of sentence. Georgia Code § 27-2503 does not apply in this case . . . [and] applies . . . only to those cases in which the conviction is based on a verdict of guilty." They contend "in cases in which the conviction is based on a plea of guilty . . . one procedure permitted by law is a sentence based on a court-ordered pre-sentence investigation report prepared by a probation officer. Ga. Code Ann. § 27-2709, 2710 . . . Appellate Court decisions which hold the report can be used only for the purpose of probating or suspending the sentence and not for the purpose of lengthening the sentence, apply only to jury verdict convictions."

We cannot agree with either party. Any possible dichotomy between the provisions of Code Ann. §§ 27-2503 and 27-2709 was settled by *Munsford v. State,* 235 Ga. 38 (218 SE2d 792). The Supreme Court noted that a pre-sentence report under Code Ann. § 27-2503 could be used as evidence in aggravation — thereby affecting the length of sentence, only if it had been made known to the defendant prior to his trial. However, under Code Ann. § 27-2709 a pre-sentence report was "also authorized before pronouncing sentence . . . for the purpose of deciding whether to suspend or probate all or part of the sentence to be imposed in a case." 235 Ga. at 45. The information in the 2709 report "cannot be regarded as 'evidence' either in aggravation or in mitigation." Id. Thus the demarcation line was clearly drawn. If the pre-sentence report was to be used to determine length of sentence the procedure set forth in 27-2503 had to be followed, but if the report was to be used only to determine whether to probate or suspend all or a portion of the sentence it could be used. This division was buttressed in *Mills v. State,* 244 Ga. 186, 187 (259 SE2d 445), by holding that "the pre-sentence investigation report cannot be used in aggravation in fixing the length of the sentence."

"It is well established however, that there is 'no magic in nomenclature' " (*Frost v. Frost,* 235 Ga. 672, 674 (221 SE2d 567)), because we judge the document by the substance of the report and not by its name, and labeling an investigative report of the Probation Department as a "post-sentence" report, as contra-distinguished from a "pre-sentence" report, will not change its legal effect where

the content, the purpose, and function of the report are the same. We find no discernible difference between a "pre-sentence" and "post-sentence" report — except as to time of submission, which is of no import where each is used for the same purpose. Thus, it is permissible to use a "pre-sentence" or "post-sentence" report "for the purpose of deciding whether to *suspend or probate* all or some part of" a sentence. (Emphasis supplied.) Cf. *Munsford v. State,* 235 Ga. 38, 45, supra. For the same reason it is impermissible to use a "pre-sentence" or "post-sentence" report "in fixing the length of the sentence." *Mills v. State,* 244 Ga. 186, 187, supra. Stated differently, the trial court may not do indirectly—with a "post-sentence" report, that which *Munsford* proscribes directly—using a "pre-sentence" report to determine *length* of sentence.

It is clear from the trial court's language that he intended to use the "post-sentence" report to determine the final length of the sentence. Thus, it is implicit that the trial court imposed the original sentence with the intent of determining a final length of sentence only after viewing the "post-sentence" investigative report. *Munsford and Mills,* supra, proscribe the use of such reports to determine "length" of sentence without compliance with the provisions of Code Ann. § 27-2503. Further, we find no authorization in the Code or within any decision permitting the use of such reports in guilty plea cases, as the State suggests.

The trial court erred in imposing the maximum sentence with the intent of utilizing a later report to determine the final length of sentence. See *Munsford v. State,* 235 Ga. 38, 45, supra; *McKisic v. State,* 238 Ga. 644, 647 (234 SE2d 908); *Sprouse v. State,* 242 Ga. 831, 834 (252 SE2d 173); *Mills v. State,* 244 Ga. 186, 187, supra; *Van Voltenburg v. State,* 138 Ga. App. 628, 633 (227 SE2d 451); *Paschal v. State,* 139 Ga. App. 842 (6) (229 SE2d 795); *Moss v. State,* 144 Ga. App. 226, 228 (240 SE2d 773); *Almon v. State,* 151 Ga. App. 863 (2) (261 SE2d 772).

*Judgment as to conviction affirmed, but the case is remanded for resentencing. Shulman and Carley, JJ., concur.*

Submitted October 6, 1980 — Decided November 6, 1980.

*J. Converse Bright,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.