## 63007. HOWARD v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of burglary and sentenced to serve a term of 15 years. His motion for new trial, as amended, was filed, heard and denied. Defendant appeals. *Held:*

1. Defendant's first enumeration of error contends the trial court erred in refusing to charge a written request that "[w]here the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence." Defendant contends that the entire case presented was based solely upon circumstantial evidence that he had entered the private residence of another with the intent to commit a theft therein, there being no direct evidence that a crime was committed. However, the evidence produced by the state showed an unauthorized entry by the defendant, who testified he was under the belief that he was entering a place of business, a funeral home, in

search of work. But the jury was authorized to infer intent from all the facts and circumstances that there were valuable effects located in the home; defendant was nervous when found by a resident of the home inside the dwelling in explaining at that time why he was looking for a job in this home, in a residential area with no business signs located anywhere near the home. There is also evidence that a similar automobile to the one driven by defendant to the home had been seen parked across the street from the home an hour and a half before he was found therein, the front door had been slammed shut and locked by a resident of the home preparatory to leaving, but found slightly open before finding the defendant in the home. After the defendant left the home he departed very fast in the automobile, the right front tire (later observed to be flat) hitting the driveway curb very hard, and he had changed certain of his apparel shortly before he was arrested. He also was attempting to leave when the investigating officer went up to him to ask for identification before his arrest. See in this connection *Steadman v. State,* 81 Ga. 736 (8 SE 420); *Nolen v. State,* 124 Ga. App. 593, 594 (184 SE2d 674); *Loury v. State,* 147 Ga. App. 152 (248 SE2d 291); *Parrish v. State,* 141 Ga. App. 631 (234 SE2d 174); *Hess v. State,* 132 Ga. App. 26, 28-29 (2) (207 SE2d 580); *Bowen v. State,* 128 Ga. App. 577 (1) (197 SE2d 738); *Wells v. State,* 144 Ga. App. 841 (1) (242 SE2d 752). There was direct evidence connecting the defendant to the crime charged and there is no merit in this complaint.

2. As there was direct evidence here the trial court did not err in failing to charge Code § 38-109 as to circumstantial evidence sufficient to authorize a conviction. See *Grindle v. State,* 151 Ga. App. 164 (1) (259 SE2d 166); *Brown v. State,* 156 Ga. App. 201, 202 (2) (274 SE2d 572); *Playmate Cinema, Inc. v. State,* 154 Ga. App. 871, 872 (2) (269 SE2d 883); *DePalma v. State,* 228 Ga. 272 (1), 274 (185 SE2d 53).

3. During the direct examination of an investigator as to this alleged crime he testified that the defendant stated that shortly before his arrest he had parked a yellow Cadillac at a supermarket and had walked to a car wash to talk to another person. On cross-examination by the defense, the witness was asked several questions with reference to the Cadillac as to whether he had searched the automobile, had found any weapons, any burglary tools or any fruits of a crime. At this time in a colloquy with counsel it was disclosed that the yellow Cadillac was a stolen automobile, although no charges had been pressed against this defendant in Fulton County with reference to a burglary and a theft of this automobile. At that time the court stated that the defense counsel had opened the door to allow the examination of the witness with reference to another burglary and theft of the automobile in question. Defense counsel

then completed the cross-examination of the witness, and the state proceeded to ask about the fruits of the crime, which question had been withdrawn by the defense counsel, and the fact that the automobile had been stolen in Atlanta. Whereupon, a recross-examination was made by the defense counsel to disclose that the defendant had not been arrested or tried on the theft of any car in Atlanta.

Error is here enumerated that in further examination of the witness with reference to the stolen automobile the state had elicited questions with reference to the stolen vehicle, a distinct and independent and separate offense, for the sole purpose of prejudicing the jury against the defendant. However, the original testimony with reference to the vehicle was elicited by defense counsel and having induced it he could not thereafter complain of a thorough and sifting examination with reference thereto. *Willingham v. State,* 134 Ga. App. 144, 145 (2) (213 SE2d 516). See also *Jackson v. State,* 154 Ga. App. 411 (268 SE2d 749); *Drake v. State,* 142 Ga. App. 14 (234 SE2d 825). We find no merit in this complaint.

4. During the cross-examination of the investigator for the state who was testifying as a state's witness, defendant contends he was denied a thorough and sifting cross-examination of this witness with reference to his investigation as to what a lady had told him with reference to seeing the defendant in a yellow Cadillac. The state objected to this testimony as being hearsay and the court sustained the objection. Of course, under Code § 38-302 information, conversations and similar evidence are facts to explain conduct and ascertain motives and the same shall be admitted in evidence, not as hearsay, but as original evidence. However, after the objection was sustained no other objection was made to his examination nor did he seek to show in the record what his examination would disclose with reference to this line of questioning. Consequently, we find no reversible error even though we consider the examination of the witness to involve original evidence and not hearsay. We find no reversible error here.

5. After a careful review of the entire record and transcript we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt. *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678). The trial court did not err in denying the defendant's motion for new trial as to the general grounds.

6. The remaining enumeration of error complains that the trial court erred in failing to conduct a presentence hearing to hear

additional evidence in extenuation, mitigation and aggravation of punishment after a return of a verdict of guilty by the jury in felony cases as required by Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357). After the return of the finding of guilty by the jury the jury was excused, the court stating that it would be "necessary for me to get a presentence on this Defendant, unless you want to waive a presentence investigation, Mr. Williams. If you want to I'll be back up here next week." It appears that the court may have been referring to an investigation and report by a probation supervisor in order for the court to hear and determine "the question of the probation of such defendant." Code Ann. § 27-2709 (Ga. L. 1956, pp. 27, 31; 1958, pp. 15, 20; 1960, p. 1148; 1972, pp. 604, 609; 1980, pp. 1136, 1137). In all events, the hearing required by Code Ann. § 27-2503, supra, was never heard or waived by the parties. At a hearing styled by the court reporter as simply "Sentence" the court asked defense counsel if he had been given "the presentence report," to which he replied, "Yes, Your Honor." The court then inquired if he had any objections to the court looking at the presentence report and counsel replied, "No, sir, I don't have any objections." The court then reviewed "the pre-sentence report" before sentencing the defendant to 15 years.

Defense counsel now contends that the trial court erred in considering a presentence report with reference to the past record of the defendant, and the state had not made known to the defendant that his past record or any other matter would be used as aggravation of punishment against him during the presentence hearing in the event that he was found guilty. The only indication in the transcript of this hearing that the state took part in the hearing was a statement by another state's counsel (apparently not trial counsel) that an appeal bond would be contested. No evidence of aggravation of punishment was presented (except that which may have been in the report); nor does it appear that defense counsel attempted to offer any evidence in extenuation or mitigation. It thus appears that no hearing was held as required by Code Ann. § 27-2503, supra, after the return of a verdict of guilty by the jury in a felony case. While we might feel inclined to hold that under the facts and circumstances of the case sub judice the defendant has waived compliance with Code Ann. § 27-2503, supra, we cannot ignore the holding of the Supreme Court in *Sprouse v. State,* 242 Ga. 831, 834 (5) (252 SE2d 173). In *Sprouse v. State,* supra, the Supreme Court held "[t]he trial court did not hold a pre-sentence hearing at which both sides are permitted to present evidence in aggravation, extenuation and mitigation as provided in Code Ann. § 27-2503. Neither the defense nor the prosecution waived these procedures. Failure to follow the mandate of § 27-2503 is neither harmless nor waived by failure to object to

procedure" citing *Bailey v. State,* 138 Ga. App. 807 (227 SE2d 516). Although *Sprouse v. State,* supra, was a death penalty case, the Supreme Court did not make any distinction between death penalty cases and all other felony cases as to the applicability of the provisions of Code Ann. § 27-2503, supra. It is interesting to note that the Supreme Court in *Sprouse v. State,* supra, cited *Bailey v. State,* 138 Ga. App. 807, supra, *a voluntary manslaughter case.* Compare *McNeese v. State,* 236 Ga. 26, 29-30 (222 SE2d 318). We cannot say that the trial court considered any prior criminal record of the defendant in determining the length of defendant's sentence, however, it is noted in the transcript of this hearing that the court stated "[b]ut he's got an awfully bad record here." A probation report may be obtained and considered for the purpose of deciding whether to suspend or probate all or some part of the sentence to be imposed as authorized in Code Ann. § 27-2709, supra. Apparently this is what was being referred to (previously quoted herein) at the sentence hearing. However, such reports cannot be used to increase the length of the sentencing imposed in the case. See *McKisic v. State,* 238 Ga. 644, 647 (234 SE2d 908); *Munsford v. State,* 235 Ga. 38, 45 (218 SE2d 792). The judgment of conviction is affirmed, but, under the circumstances here, the judgment of sentence is reversed and the case is remanded to the trial court for resentencing in accordance with Code Ann. § 27-2503, supra, the bifurcated trial procedure in this state.

*Judgment affirmed in part; reversed in part and case remanded. Quillian, C. J., Deen, P. J., Shulman, P. J., Banke and Birdsong, JJ., concur. Carley, J., concurs specially. Sognier and Pope, JJ., dissent.*

DECIDED MARCH 19, 1982.

*Charles M. Williams,* for appellant.
*Darrell E. Wilson, District Attorney, Mickey Ray Thacker, Assistant District Attorney,* for appellee.

CARLEY, Judge, concurring specially.
I agree with the majority that this case must be remanded to the trial court for resentencing in accordance with Code Ann. § 27-2503. However, I do think it is clear that the presentence report envisioned by Code Ann. § 27-2709 may not under any circumstances be used to determine the length of a sentence. Therefore I agree with the dissent that *Threatt v. State,* 156 Ga. App. 345 (274 SE2d 734) (1980) should be overruled to the extent that it is in conflict with *Munsford v. State,* 235 Ga. 38, 45 (218 SE2d 792) (1975).

Pope, Judge, dissenting.

I dissent to Division 6 of the majority opinion. Defendant complains that the judge erred in failing to conduct a pre-sentence hearing as required by Code Ann. § 27-2503. In the present case, after receiving the verdict of guilt, the trial judge stated to defense counsel, "It will be necessary for me to get a pre-sentence on this defendant unless you want to waive a pre-sentence investigation, Mr. Williams, if you want to I will be back up here next week." The defense attorney stated, "I'd like to speak to my client before I waive it." The record of the proceedings ended without any indication of a decision by the defense counsel. The defendant's apparent decision was to have a pre-sentence investigation since the record of the proceedings recommenced at a time after a pre-sentencing investigation report had been prepared.

When court reconvened the trial judge asked defense counsel if he had received the pre-sentence report and he indicated that he had. The judge next asked defense counsel if he had any objections to the judge looking at it for the first time. Counsel made no objection. The defendant was brought before the bench and the judge asked him if he had anything to say before sentence was imposed. The defendant made a statement on his own behalf indicating he had no intention of committing a crime. Next, defense counsel was recognized and he made an argument to the court on defendant's behalf. After a discussion between the judge, counsel and the defendant concerning this crime and the defendant's previous record, the judge sentenced the defendant to fifteen years.

Defense counsel's participation in the pre-sentencing procedure in the present case would in my opinion constitute a waiver of defendant's right to present evidence at the pre-sentencing hearing under the reasoning expressed by our Supreme Court in *McNeese v. State,* 236 Ga. 26 (222 SE2d 318) (1976). The Supreme Court stated therein: " 'A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' " Id. at 30.

Furthermore, it is apparent that a pre-sentence hearing was held; however, no additional evidence in extenuation, mitigation and aggravation of punishment was presented by either party. Code Ann. § 27-2503 (a). There is no claim that the state introduced any *evidence* in aggravation of punishment. Nor is there a contention that the defendant was unable to introduce evidence. The only possible claim of error was that the trial judge improperly utilized the pre-sentence investigation report in aggravation of punishment. However, I see no merit to this contention.

The pre-sentencing investigation which was considered by the

court may only be used to determine whether or not the sentence to be imposed, or any part thereof, will be probated or suspended. The pre-sentence investigation may not under any circumstances be used in aggravation of punishment. Code Ann. § 27-2709. *Threatt v. State,* 156 Ga. App. 345 (274 SE2d 734) (1980), should be overruled to the extent that the decision therein conflicts with this statement. "The information in these reports cannot be regarded as 'evidence' either in aggravation or in mitigation as such reports are not a part of the evidence introduced at the pre-sentence hearing." *Munsford v. State,* 235 Ga. 38, 45 (218 SE2d 792) (1975).

In the present case there is no indication in the record that the trial judge improperly utilized this pre-sentence investigation report. "[I]n the absence of a showing that the trial court had considered the presentence report in aggravation of punishment rather than 'for the purpose of deciding whether to suspend or probate all or some part of the [sentence] to be imposed,' there was no ground for reversal." *Almon v. State,* 151 Ga. App. 863, 865 (261 SE2d 772) (1979). The trial judge revealed the report to defense counsel in advance of the pre-sentence hearing, allowing him an opportunity for explanation or rebuttal. Compare *Munsford v. State,* supra. The transcript does not show that the report was considered as evidence by the trial judge or used to increase the length of the sentence, since the sentence was less than the maximum sentence which could have been imposed in the case. The record in no way indicates that any comments by the trial judge related to the length of the sentence as opposed to his decision whether or not to probate the sentence.

For the foregoing reasons I must respectfully dissent. I am authorized to state that Judge Sognier joins in this dissent.