## 66819. RAYMOND v. THE STATE.

McMurray, Presiding Judge.

Defendant was convicted of the offense of burglary and sentenced to serve a term of 20 years. Following the denial of his motion for new trial he appeals. *Held:*

Defendant has enumerated error in that he was excluded from the courtroom during his trial (including the sentencing phase) in violation of his Sixth Amendment rights under the Constitution of the United States, the same occurring during his involuntary absence from the courtroom. The remaining enumeration of error is that the trial court erred in failing to hold a pre-sentence hearing in compliance with former Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357) (now OCGA § 17-10-2, effective November 1, 1982).

With reference to the first enumeration of error it is quite apparent that the defendant became so disruptive in his behavior, that is, behaving in such a manner as to be so disorderly, disruptive and disrespectful to the court until the trial could not be carried on with him in the courtroom. Under Illinois v. Allen, 397 U. S. 337, 338-343 (90 SC 1057, 25 LE2d 353), the Supreme Court of the United States has held that a defendant can lose his right to be present at his trial by contumacious conduct, generally requiring a warning by the judge that he would be removed if he continues his disruptive behavior. The Allen case points out three constitutional ways to handle an obstreperous and contumacious defendant: (1) keep him present, bound and gagged, if necessary; (2) cite him for contempt, and (3) remove him from the courtroom, while the trial continues, until such time as he evinces a willingness to conduct himself properly. In *Simmons v. State,* 161 Ga. App. 527 (1) (288 SE2d 868), we affirmed in a similar situation to the case sub judice where the defendant's "own conduct made the progress of the trial practically impossible in her continued presence," holding that it was not an abuse of the court's discretion to remove her from the courtroom.

In the case sub judice, the trial was practically over, and, indeed,

the only evidence further considered was that of rebuttal testimony with reference to the defendant's mental condition which might or might not have resulted in his obstreperous conduct. Accordingly, we find no abuse of discretion with reference to his removal from the courtroom during the trial resulting in his conviction.

However, with reference to the sentencing phase we express some doubt as to why the court did not elect to sentence the defendant at some other time after warning him as required by Allen. Nevertheless, we do not reach this stage since the remaining enumeration of error appears to have merit requiring the remand of this case for a proper sentencing. Immediately following the verdict of the jury the trial court without any further hearing sentenced the defendant to serve a term of 20 years based upon the jury conviction and "based upon previous convictions . . . and previous conduct of [defendant] in Court." The district attorney cites the controlling cases of *Sprouse v. State,* 242 Ga. 831 (252 SE2d 173); *Bailey v. State,* 138 Ga. App. 807 (227 SE2d 516); and *Howard v. State,* 161 Ga. App. 743, 746-747 (6) (289 SE2d 815), seeking to have this court reconsider *Howard v. State,* supra, which was based upon *Sprouse v. State,* supra, holding that the trial court erred in failing to hold a pre-sentence hearing in conformity with former Code Ann. § 27-2503, supra, which could not be waived; contending that here both sides waived any further pre-sentence hearing, and as stated in *McNeese v. State,* 236 Ga. 26, 30 (222 SE2d 318), the defendant could not ignore what he thinks to be an injustice, take his chances on a favorable verdict and complain later. The latter case is inapposite here in that defendant was already convicted by the jury, and the law requires the court conduct a formal pre-sentence hearing at least to the point of offering both sides the opportunity to present evidence in accordance with the statute. Instead, the court proceeded instanter to sentence the defendant to the maximum of 20 years "based upon previous convictions" and "previous conduct." Since the defendant was sentenced to the maximum the court's recollection with reference to the previous convictions and previous conduct certainly involved the maximum sentence, and the case sub judice is not controlled by *Canady v. State,* 147 Ga. App. 640, 641 (6) (249 SE2d 690), and *Chandler v. State,* 143 Ga. App. 608, 609 (3) (239 SE2d 158). Therefore, based upon the cases of *Sprouse v. State,* 242 Ga. 831, 834 (5), supra, and *Howard v. State,* 161 Ga. App. 743, 746-747, supra, we affirm the judgment of conviction but under the circumstances reverse the judgment of the sentence and remand same to the trial court for resentencing in accordance with former Code Ann. § 27-2503, supra, after the bifurcated trial procedure has been conducted in accordance with law.

*Judgment affirmed as to the conviction; reversed and remanded as to the sentence. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 18, 1983.

*Henry C. Ross,* for appellant.
*J. Lane Johnston, District Attorney,* for appellee.