## A92A1341. JEFFERSON v. THE STATE.
(423 SE2d 425)

BEASLEY, Judge.

Jefferson was convicted of 16 counts of armed robbery, 5 counts of rape, 10 counts of aggravated assault, 3 counts of aggravated sodomy, and 23 other offenses for which he was sentenced to 24 life terms and 375 years to run consecutively. The convictions and judgment were affirmed on appeal by this court. *Jefferson v. State,* 199 Ga. App. 594 (405 SE2d 575) (1991). The sentence was affirmed by the superior court's sentence review panel. He filed a "petition to correct void sentences" pro se in the sentencing court. He appeals pro se from the order denying that petition.

1. Although appellant did not challenge the validity of his sentence in his first appeal, " 'if the sentence imposed was a void sentence, then a new and valid sentence can be imposed by the trial judge at any time.' [Cit.]" *Gonzalez v. State,* 201 Ga. App. 437, 438 (411 SE2d 345) (1991). See also *McCranie v. State,* 157 Ga. App. 110, 111 (3) (276 SE2d 263) (1981), which holds that although habeas corpus would have been an appropriate remedy to determine the validity of a sentence, it is not necessarily an exclusive or sole remedy; such an action may be brought in the trial court.

2. Appellant enumerates as error the trial court's failure to conduct a presentence hearing as required under OCGA § 17-10-2 (a).

Immediately after receipt of the verdict, appellant was called to stand before the court and the court, after commenting briefly, summarily imposed upon him "the maximum sentence that . . . can [be] impose[d] in each of these crimes to run consecutive." `

OCGA § 17-10-2 (a) mandates a presentence hearing to determine the appropriate punishment. The judge is to give opportunity for the parties to offer additional evidence and argument in extenuation, mitigation, and aggravation of punishment. It is mandatory. *DeLoach v. State,* 142 Ga. App. 666, 667 (2) (236 SE2d 904) (1977); *Raymond v. State,* 168 Ga. App. 487, 488 (309 SE2d 669) (1983).

No such hearing was conducted, and neither party protested nor even spoke. However, the "[f]ailure to follow the mandate of [OCGA § 17-10-2 (a)] is neither harmless nor waived by failure to object to procedure." *Sprouse v. State,* 242 Ga. 831, 834 (5) (252 SE2d 173)

(1979). See also *Howard v. State*, 161 Ga. App. 743 (6) (289 SE2d 815) (1982), applying *Sprouse*, a death penalty case, to non-capital felony prosecutions. Accord *Brinson v. State*, 201 Ga. App. 80 (2) (410 SE2d 50) (1991). Accordingly, the judgment of sentence is reversed and the case is remanded to the trial court for resentencing in accordance with OCGA § 17-10-2 (a).

3. Appellant contends that the trial court erred in imposing recidivist punishment where he had not been indicted as a recidivist. The issue may recur in resentencing so it is addressed.

OCGA § 17-10-1 (a) (1) authorizes the trial judge to impose sentence "within the minimum and maximum prescribed by law as the punishment for the crime." The recidivist statute, OCGA § 17-10-7, *mandates* the imposition of maximum punishment in certain instances with respect to multiple offenders.

In imposing sentence the court remarked, "Mr. Jefferson, you have been convicted of the most heinous criminal acts I have ever come in contact with in my fifty-two years as a member of this bar and as Judge of this Court. You're a recidivist criminal. Your conduct speaks for itself. . . . There are simply no mitigating circumstances in this case. . . . I'm going to give you the maximum sentence that I can impose in each of these crimes to run consecutive."

Appellant's prior felony convictions were not used against him during sentencing for *legislatively-imposed* recidivist punishment. That is, the Court did not fix the term on the basis that it was required to do so as a matter of public policy under OCGA § 17-10-7. Instead, the trial court imposed maximum punishment allowable by law based on an exercise of its *judicial discretion* as applied to the facts of the case and the aggravating factor of defendant's history of crime. See *Brown v. State*, 144 Ga. App. 509, 510 (241 SE2d 621) (1978); compare *State v. Freeman*, 198 Ga. App. 553 (402 SE2d 529) (1991). The legislative branch's determination that repeat offenders should bear a certain more severe penalty when they are indicted for this at the request of the executive branch (district attorney), which has been unable to rehabilitate them through its corrections department, does not deprive the judicial branch of the discretion to impose the same degree of punishment because of a background which includes criminal behavior. See OCGA § 17-10-2 (a).

*Judgments of conviction affirmed; sentences are reversed; and case remanded. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 2, 1992.

John A. Jefferson, *pro se.*
Michael C. Eubanks, *District Attorney, Richard E. Thomas, As-*

*sistant District Attorney*, for appellee.