A08A1939. SEARCY v. THE STATE.
(671 SE2d 869)

JOHNSON, Presiding Judge.

In September 1989, a jury found Cherry O'Neal Searcy guilty of rape, and the trial court sentenced him to life imprisonment. Searcy now appeals the trial court's denial of his "Motion to Correct Void Sentence," claiming that it improperly sentenced him as a recidivist pursuant to OCGA § 17-10-7 (a). We find no error and affirm.

---

At Searcy's sentencing, the state introduced evidence that Searcy had previously been convicted of misdemeanor theft by receiving stolen property. Although the trial court never referred to that conviction, Searcy asserts that it relied on it to sentence him as a recidivist pursuant to OCGA § 17-10-7 (a), which mandates the imposition of maximum punishment in certain instances with respect to persons who have been convicted of a prior felony.

While we agree that Searcy could not be sentenced as a recidivist pursuant to OCGA § 17-10-7 (a) because he had no prior felony conviction, nothing in the record supports Searcy's claim that the trial court sentenced him pursuant to that statute or otherwise considered itself required to impose a sentence of life imprisonment. Instead, the trial court exercised its discretion in sentencing Searcy, stating that it was its "duty to set a sentence" and that, in determining the severity of the sentence, it considered, among other things, its "interest in keeping the streets in this county a safe place." Conversely, OCGA § 17-10-7 (a) provides no discretion for the trial court in sentencing, except that it may, in some cases, choose to probate or suspend the maximum sentence it is required to impose.

The requirement that recidivists must receive the maximum sentence "does not deprive the judicial branch of the discretion to impose the same degree of punishment because of a background which includes criminal behavior."[1] While the trial court could have imposed a sentence as short as imprisonment for one year,[2] life imprisonment was also included within the range of appropriate sentences, and the trial court was authorized to impose a sentence "within the minimum and maximum . . . prescribed by law as the punishment for the crime."[3] As a result, the trial court did not err in sentencing Searcy to life imprisonment.[4]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 19, 2008 — 

Cherry O. Searcy, *pro se.*

---

[1] *Jefferson v. State*, 205 Ga. App. 687, 688 (3) (423 SE2d 425) (1992).

[2] OCGA § 16-6-1 (b) was amended in 1994 to increase the minimum sentence to imprisonment for ten years, and it was amended in 2006 to increase the minimum sentence to imprisonment for twenty-five years followed by probation for life.

[3] OCGA § 17-10-1.

[4] *Jefferson*, supra.

*Scott L. Ballard, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.